KENNER & GREENFIELD v. LEXINGTON MANUFACTURING COMPANY.

*Corporations, suit upon note executed by president of—Pleading—Verdict.*

1. A corporation was sued upon a note executed by its president, and the recovery was resisted upon the ground that under its by-laws the president had no power to bind the company without the concurrence of three of its directors, (which was not given) and upon the trial a verdict was rendered establishing the fact the company borrowed the money and used it in its business and executed the note sued on; *Held*, that the defendant is concluded by the verdict.

2. *Held further*, that where the defendant company relies as a defence upon the statute, which declares that such contract shall be

in writing, and shall state whether the stockholders are individually liable for the contracts of the company (Bat. Rev., ch. 26, § 23), the same must be pleaded in proper form, otherwise it will not be considered.

3. A verdict adverse to the defences set up leaves nothing to be done except to render judgment for the plaintiff. The case does not stand as upon demurrer or a motion in arrest of judgment.

(*Lyon* v. *Crissman*, 2 Dev. & Bat. Eq., 268; *Bonham* v. *Craig*, 80 N. C., 224, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1884, of FORSYTH Superior Court, before *Gilmer, J.*

Judgment for plaintiffs; appeal by defendant.

*Messrs. Watson & Glenn,* for plaintiffs.
*Mr. J. M. McCorkle,* for defendant.

SMITH, C. J. The defendant, a company organized and acting under the laws of this state, on the 10th day of January, 1882, borrowed and received from the plaintiffs who constitute the partnership firm of Kenner & Greenfield, in which capacity they sue, the sum of two thousand dollars and executed its note therefor payable one day after date and bearing interest at the rate of 8 per cent. per annum.

The action is to recover the amount due, and the complaint sets out two causes of action, one founded upon the security given and the other upon the lending and use of the money by the defendant in prosecuting its business. The answer denies all the plaintiffs' allegations, except that averring the defendant to be a corporate body, and sets up a defence arising under the by-laws, one of which declares that no loan, either permanent or temporary, shall be made by the president or any other officer of the company unless authorized and directed, with the consent of three members of the board of directors.

Two issues were submitted to the jury, to each of which an affirmative answer was returned as follows:

1. Did the defendant corporation execute the note as claimed by the plaintiffs?

2. Did the defendant borrow from the plaintiffs, and receive and use in its business the sum of two thousand dollars, as claimed by the plaintiffs.

Testimony was introduced on the trial as to the condition of the company and its impaired credit, which prevented a borrowing of any money for its relief at several financial points, when application was made without success, with concurrence of all the directors, but the assent of only two was given to this particular loan, the others being absent, previous to its being effected, though it was ratified at a meeting of the board in the next month, all but one being present and giving assent. Some testimony was offered in opposition to that given by the plaintiffs' witness as to a subsequent ratification.

While the argument of plaintiffs' counsel was in progress, he was interrupted by defendant's counsel who consented that the jury might render an affirmative response to the inquiries before them. This was accordingly done and the verdict entered, whereupon defendant's counsel moved for judgment against the plaintiffs notwithstanding the findings by the jury:—

1. For that upon the whole evidence the plaintiffs cannot recover.

2. The plaintiffs had no authority to take the note and it is inoperative as a security.

3. That although the plaintiffs loaned the money as alleged, it constitutes no legal cause of action.

4. That the ratification afterwards of the act of giving the note, or of using the money lent, does not render the contract obligatory on the defendant.

The defence, and the only defence, set up in the answer to defeat the action, is the want of power in the president, under the by-law mentioned, to enter into the contract and bind the company without the concurrence of three of the directors, which was not given at or before the borrowing. This objection is removed by the verdict rendered by consent which establishes the fact that the corporation did borrow, receive and use the money in its business, and did execute its note therefor as stated in the complaint. To this finding the counsel for the plaintiffs ascribes the further effect of declaring it to constitute an obligation, since in law this results from the finding that the company did contract; and contracting is entering into the obligation which is expressed. Hence it is agreed that all further resistance to the recovery is put an end to, and the defendant concluded by the verdict.

The appellant insists, however, that only the allegations in the complaint are found to be true, and the case now stands, as upon a demurrer, or a motion in arrest of judgment, and that upon the face of the complaint the action cannot be maintained. In support of this contention it relies upon the act of February 12th, 1872, which declares that:

Every contract of every corporation by which a liability may be incurred by the company exceeding one hundred dollars shall be in writing, and either under the common seal of the corporation, or signed by some officer of the company authorized thereto, and shall state on the face thereof whether or not, according to the registered plan of incorporation, the stockholders are individually liable for the contracts of the company, otherwise the same shall be void. Bat. Rev., ch. 26, § 23.

Is the defence arising under this enactment now open and available to the company?

The statute of frauds in positive terms declares that all

contracts to sell or convey any lands, tenements or hereditaments, &c., *shall be void* and of no effect, unless such contract or some memorandum or note thereof shall be put in writing, &c., THE CODE, § 1550, and yet it was held in *Lyon* v. *Crissman,* 2 Dev. & Bat. Eq., 268, that the objection that the agreement was not in writing "should have been set up in the pleadings" and as it had not been done, it could not be taken at the hearing.

So in *Bonham* v. *Craig,* 80 N. C., 224, it was declared, to deny the contract in general terms was sufficient, and then any other than proof in writing of the contract would be excluded, for none could be created by parol. The principle is that this is a defence to the action and must, in some proper form, be set up to defeat it; otherwise it will not be considered.

It is true that the closing paragraph in the first article of the answer avers " that said pretended bond," as set forth in the complaint, " is in no way obligatory upon the defendant," but the preceding allegations all point to the repugnancy of the note to the corporate by-law as affecting its validity and to no other infirmity in the instrument rendering it inoperative, and what we have quoted is but a summary conclusion deduced from preceding allegations.

From what has been said, it follows that the verdict overruling the defences set up in opposition to the plaintiffs' demand, leaves nothing further to be done except to render judgment therefor, as was done by the court. Certainly a general verdict under the former practice would have this effect, and why should not the same effect follow a finding adverse to all the alleged defences under our present system ? We must therefore affirm the judgment.

No error.                                    Affirmed.