H. T. RUMBOUGH v. THE SOUTHERN IMPROVEMENT CO.

*Foreign Corporations — Accepted Drafts — Specific Allegations and Denials— Code Pleading—Evidence—Contracts of Corporations.*

1. In an action upon an accepted draft there was a specific allegation in the complaint stating definitely certain matters and facts, to which the response in the answer was, "The allegations of the sixth paragraph of the complaint are untrue in manner and form as therein stated": *Held*, that this was not a sufficient denial under *The Code.*

2. Denials and admissions and statement of facts should be positive and unequivocal—not argumentative or evasive.

3. Our statute (*The Code*, § 683), requiring that "every contract of every corporation by which a liability may be incurred by the company exceeding $100 shall be in writing and either under the common seal of the corporation or signed by some officer of the company authorized thereto," does not apply to contracts of foreign corporations.

4. When, in an action upon a draft accepted by the vice-president and general manager of a foreign corporation, the plaintiff offered to show that he was, at the time of acceptance, *acting* as such officer, and had authority from the company to accept drafts: *Held*, that the Court below erred in excluding such testimony.

This ACTION, tried at November Term, 1889, of MADISON Superior Court, before *Whitaker, J.,* was brought to recover of the defendant corporation a certain amount alleged to be due upon a bill of exchange in the following words and figures, to wit:

"$950.          HOT SPRINGS, November 19, 1887.

"Ninety days after date, pay to the order of H. T. Rumbough, Esq., for account of J. H. Rumbough, nine hundred and fifty dollars.          W. E. WATKINS,

"To Southern Improvement Co., No. 2 Wall, N. Y."

"Accepted.    Payable at First National Bank, New York.
"SOUTHERN IMPROVEMENT CO.,
"By W. E. Watkins."

Upon the reading of the pleadings, plaintiff's counsel asked his Honor to declare the fifth section of the answer responsive to the sixth section of the complaint, to be, in law, no denial.

This his Honor declined to do, and plaintiff excepted.

The plaintiff then offered to introduce in evidence a draft, or bill of exchange, in the words and figures as hereinbefore stated.

The defendant objected to the introduction of this draft, or bill of exchange, insisting, besides other reasons given, that the pleadings, by allegation of complaint and failure of denial thereof in answer, showed the defendant to be a corporation, and that the alleged accepted draft was for more than one hundred dollars, and such alleged acceptance was not under seal of defendant corporation, and was not signed by one purporting or proved to be an officer of such corporation.

His Honor found as facts that the defendant was, as shown by the pleadings, a corporation, and the alleged draft claimed by the plaintiff to have been accepted was for more than one hundred dollars, was not under seal of defendant, and was not signed by one purporting or shown to be an officer of defendant corporation, and sustained the objection, with an explanation then given that his ruling was based upon what, up to that time, had appeared.  Plaintiff excepted.

The plaintiff then introduced himself as a witness, and offered to testify that W. E. Watkins, at the date of this acceptance, was the vice-president and general manager of the defendant corporation, and, as such, had authority from the corporation to accept this draft.

The Court declined to permit this, and the plaintiff excepted.

The plaintiff then offered to testify that W. E. Watkins, at the time of the acceptance of this draft, was the general manager and lawful agent of the defendant corporation, and was acting as such.

His Honor declined to permit this, and the plaintiff excepted.

The plaintiff offered to testify that, at the time of the acceptance of said draft, W. E. Watkins was in the full control and management of the property of the defendant corporation in the State of North Carolina.

His Honor declined to permit this, and plaintiff excepted.

By consent, plaintiff then took a nonsuit, with the understanding that the defendant might thereafter, in this action, if a new trial should be given, prosecute its counter-claim, as to which it thereupon took a nonsuit.

The complaint, among other things, alleged as follows:

"6. That the said W. E. Watkins was the general manager and lawful agent of the defendant, the Southern Improvement Company, in the conduct of its business in the said County of Madison, and was fully authorized and empowered by the defendant to draw said bill of exchange and to accept the same, as hereinbefore alleged."

The only part of the answer responsive to this allegation is as follows:

"5. That the allegations of the sixth paragraph of the complaint are untrue in manner and form as therein alleged."

The plaintiff having suffered judgment of nonsuit, assigned error, and appealed.

*Mr. G. A. Shuford*, for plaintiff.
*Mr. E. C. Smith*, for defendant.

MERRIMON, C. J.: Regularly, the pleadings in an action should be settled before the trial begins. Hence, the plaintiff should have made objection to the sufficiency of the answer before the jury were empanneled. It seems that it was made afterwards, but the Court entertained the motion, as it might do in the exercise of its discretion, and denied the same.

We think the answer to the sixth paragraph of the complaint was insufficient, and clearly not a compliance with the statutory provision (*The Code*, § 243), nor did it serve the purpose of *The Code* method of procedure. The provision just cited prescribes that "the answer of the defendant must contain 'a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof, sufficient to form a belief.'" Such denial may be general—that is that the allegation is not true; or it must be specific—that is, that it is true in some respects, but not true in others, as specified. It should also embrace "any knowledge or information thereof (that is, the allegation of the complaint) sufficient to form a belief" in respect thereto. The purpose is to require the defendant frankly to deny the truth of the allegations of the complaint, if he can, or, if he cannot, then to admit the truth of them, or to specifically admit the truth of them, so far as they are true within his knowledge, and deny the truth of the same in particular respects, so far as he may be warranted in doing so by the facts; and he is further required to state such knowledge and information as he may have as to the allegations sufficient to form a belief. Such denials, admissions and statements of facts should be direct, positive and unequivocal—not argumentative and evasive. The object of answer is to raise necessary issues of fact and law, and to ascertain the facts as to the allegations of the complaint within the knowledge of the defendant, and thus avoid, as far as practicable, controversy,

delay and expense, and facilitate the administration of justice in the action.

The answer of the present defendant, in the respect complained of, was neither frank nor sufficient. It was "that the allegations of the sixth paragraph of the complaint are untrue in manner and form as therein alleged." The clear implication from this was, that the allegations were in some respects, in some way, to some extent, true. It was bound to answer in what "manner and form," in what respects, and to what extent, they were true, and also to state what knowledge or information it had in respect thereto sufficient to form a belief. The allegations were in respect to such matters and things as the defendant, through its proper officers and agents, must have had full knowledge of. The Court should have required the defendant, upon such terms as it might have deemed just, to answer the allegations by a proper denial or admission, or have stricken out the insufficient one. Pleading is not a mere game—an artifice—a mere trial of skill—it is serious and earnest, and the law will effectuate the purposes contemplated by it. *Flack* v. *Dawson*, 69 N. C., 42; *Schehan* v. *Malone*, 71 N. C., 440; *Heyer* v. *Beatty*, 76 N. C, 28; *Durden* v. *Simmons*, 84 N. C., 555; *Gas Machine Co.* v. *Manufacturing Co.*, 91 N. C., 74.

The defendant was a foreign corporation, and hence the statute (*The Code*, § 683) requiring "every contract of every corporation, by which a liability may be incurred by the company exceeding one hundred dollars, shall be in writing, and either under the common seal of the corporation or signed by some officer of the company authorized thereto," does not apply to or embrace it. This plainly appears from the statute (*The Code*, §§ 663–701) and its purposes, and particularly from § 701 thereof, and as well from the nature of the matter. The Legislature of this State has not under-

106—30

taken to regulate by statute the powers and methods of business of foreign corporations, nor to prescribe how their contracts shall be executed. So far as we can see, general principles of law applicable to corporations, such as the defendant, apply to it in this action The Court, therefore erred, in applying the statute last cited to the bill sued upon. It was very certainly competent for the plaintiff to prove on the trial, by parol testimony, that W. E. Watkins was the vice-president of the defendant; that he was appointed; that he generally acted as such officer; that he had general charge and management of the defendant's business in this State; that he had authority, general or special, to accept the bill in question in the name of the defendant; to prove that in so accepting the bill for the defendant he acted as its agent or vice-president, although he did not sign his name officially or as agent. The evidence tendered by the plaintiff and rejected was competent and material, and the Court should have received it. *Turnpike Co.* v. *McCarson*, 1 D. & B., 306; *Lewis* v. *Railroad*, 95 N. C., 179; *Mechanics Bank* v. *Bank of Columbia*, 5 Wheaton, 326; Ang. & Ames on Corp., § 294; Abb. Tr. Ev., ch. 3, par. 35; *Id.*, par. 43.

There is error. The judgment of nonsuit must be set aside and further steps taken in the action according to law.

Error.