A. T. CURTIS v. THE PIEDMONT LUMBER AND MINING CO.*

*Corporations, Contracts by—Pendency of Another Action—Pleading.*

1. The requirement of the statute (*The Code,* § 683) that contracts by corporations, exceeding one hundred dollars, shall be in writing and under the seal of the corporation, or signed by some authorized officer of the company, refers to executory contracts, and is mandatory in respect thereto. The bare recognition of such contract by the officers of the company will not dispense with the necessity of complying with the statute.

2. To avail itself of the statute, it is necessary that the corporation shall specifically plead and rely upon it.

3. The pendency of another action between the same parties for the same cause is a bar to a second suit, when the fact is properly presented by demurrer or answer.

---

*AVERY, J., did not sit on the hearing of this appeal.

CIVIL ACTION, tried before BYNUM, J., at Fall Term, 1891, of McDOWELL Superior Court.

The plaintiff alleges in his complaint that he contracted with the defendant at a time specified to deliver to it at a place designated a certain number of poplar logs containing and aggregating 90,000 feet at the price of $12 per thousand feet, making the sum of $1,530; that he delivered the logs at the place specified and notified the defendant that he had done so; that the latter refused to receive the same, without lawful excuse; that the logs became injured by exposure to the weather; that at last he sold the same for the largest price he could get for them; that in all things he complied with and performed his part of said contract, and the defendant without excuse refused and neglected to do so on its part, etc., and demands judgment for the balance due upon said contract, $455 and costs.

The defendant denies that it contracted with the plaintiff as alleged, and alleges a materially different contract it made with the plaintiff, which he failed to keep and perform, etc. It further alleges and pleads as a bar that at and before this action began, another action brought by the plaintiff against the defendant founded upon the same alleged cause of action was pending and undetermined in the Superior Court of the county of McDowell. It alleges and pleads as a further defence, that the contract alleged by the plaintiff involved and imposed on the defendant a liability in favor of the plaintiff for a sum of money greater than $100; that such contract was not reduced to writing and under the seal of the defendant corporation, nor was any such contract signed by any officer of the defendant authorized to sign the same, and that such alleged contract was void under statute (*The Code*, §683), etc.

Upon the trial of the issue of fact submitted to the jury, "it was admitted that when the summons was issued in this case, another suit was pending in McDowell County wherein

CURTIS v. PIEDMONT CO.

Curtis (the present plaintiff) was plaintiff, and the same defendant for the same cause of action; that the summons issued April 9th, 1890, and a nonsuit was entered at Fall Term, 1890." This action began July 17th, 1890. The defendant asked the Court to instruct the jury—

"1. The contract not being in writing, and a liability in excess of one hundred dollars being imposed upon the defendant under said contract, the plaintiff was not entitled to recover."

The Court refused to grant this instruction, but said to the jury, "If you find that the contract was verbal; that the plaintiff went to work under it, that Martin, as agent of the company, recognized it in letters introduced, and made the plaintiff payments under the contract, then the contract would be good in law, and plaintiff can recover for a breach of it." The defendant excepted.

There was a verdict for the plaintiff. The defendant moved for judgment against plaintiff for costs, on the ground that the action pending when this suit was brought was a bar to this action. Motion denied and defendand excepted. Judgment was entered for plaintiff. and defendant appealed.

No counsel for plaintiff.
*Mr. S. J. Ervin*, for defendant.

MERRIMON, C. J.: The statute (*The Code*, § 683; Acts 1871–'72, ch. 199, § 23) prescribes, that "Every contract of every corporation, by which a liability may be incurred by the company exceeding one hundred dollars, shall be in writing, and either under the common seal of the corporation or signed by some officer of the company authorized thereto." This provision is important and not merely directory. Its purpose is to protect corporations against the hasty or fraudulent acts and practices of their incautious or faithless officers and agents, and as well those persons who deal with

them in respect to contracts involving pecuniary liability of importance. They must necessarily act and contract by and through their officers and agents, and it is wise and salutary to protect them and those who deal with them in the way thus provided. Such contracts must be in writing and under the common seal of the corporation, or signed by some one of its officers authorized thereto. It is not sufficient to simply recognize, by such officer or agent, a merely verbal contract to give it efficiency. It must be done in writing, and in such way as to give evidence of the nature, purpose and substance of the contract. Otherwise, the statute would be practically nugatory.

In this case, the defendant is a corporation of this State and clearly comes within the purpose of the statute above recited. The plaintiff alleges specifically a merely verbal contract with it, whereby a liability of it to the plaintiff might be incurred for a sum much greater than one hundred dollars. The defendant, in order to avail itself of the defence of the statute, must plead it specifically. It must appear from the pleadings that it intends to rely upon the same. Here the defendant does plead it specifically, and relies upon it as a particular ground of defence.

The plaintiff relies upon divers letters written by the defendant's treasurer to him to show that he, for the defendant, recognized the alleged contract in writing. These letters are set forth in the case stated on appeal, and we have examined them carefully. They do not, in any reasonable interpretation of them, refer to, or at all purport to recognize, the contract alleged. They do not refer to this or any particular contract, they simply refer to logs that the plaintiff sent and was expected to send to the defendant, but when or to what point they were to be sent, what number, what kind and at what price, does not appear by terms or the remotest implication. There was no evidence to go to the jury to prove the contract in writing signed by the

defendant's officer, and, hence, the plea should have been sustained. *Kenner* v. *Manufacturing Co.*, 91 N. C., 421; *Rumbough* v. *Improvement Co.*, 106 N. C., 461.

The statute refers to executory contracts which create liabilities and obligations of the corporation—not to cases where they have received and availed themselves of property sold and actually delivered to them. No doubt the defendant might be compelled to pay the fair value of any logs it received and accepted from the plaintiff, but no question in that respect is presented here.

The defendant also pleaded specifically the pendency of another action in the same Court, between the same parties, founded on the same cause of action as in this case. It could not avail itself of such defence except by demurrer in proper cases, or by pleading the same specifically in the answer, and it may be pleaded with other defences. *The Code*, § 239, par. 3; *Blackwell* v. *Dibbrell*, 103 N. C., 270; *Montague* v. *Brown*, 104 N. C., 161. Such defence is a good one when well pleaded, and should be sustained. *Woody* v. *Jordan*, 69 N. C., 189; *Smith* v. *Moore*, 79 N. C., 82; *Tuttle* v. *Harrill*, 85 N. C., 456; *Sloan* v. *McDowell*, 75 N. C., 29; *Long* v. *Jarratt*, 94 N. C., 443; 1 Chit. Pl., 454. Here it is admitted that there was an action pending in the same Court, between the same parties, founded upon and involving the same cause of action as in the present action, when the latter began. That the plaintiff in the former action submitted to a judgment of nonsuit after the present one began, could not alter the case—he should have done so before this action began, if for any cause he could not proceed in the former one. Upon the admission of the pendency of the former action, the Court should at once have sustained the defendant's plea and dismissed the action, ·

The defendant is entitled to a new trial.

Error.