GRUBBS v. FERGUSON.

(Filed September 27, 1904).

1. ISSUES—*Compromise and Settlement.*

In an action to recover money paid under protest, the submission of an issue as to whether on a certain date the plaintiff and the defendant had compromised their differences was error.

2. EVIDENCE—*Compromise and Settlement—Accounts.*

In an action to recover certain money paid under protest, a note alleged to have been given by plaintiff to defendants in settlement of his accounts, which plaintiff had paid, is competent to show an absence of indebtedness.

3. EVIDENCE—*Compromise and Settlement.*

In an action to recover money paid under protest, evidence of the arrest of plaintiff is not material to an issue as to whether a note executed by the plaintiff to the defendant prior to the arrest was a final settlement between the parties.

4. AGENCY—*Compromise and Settlement—Evidence.*

Where the plaintiff claimed to have compromised a matter with an agent, the defendant may show that the authority of the agent was limited.

5. ACTIONS—*Dismissal—Abatement.*

Where two actions for the same cause are pending, and the first action is dismissed for that reason, the second action will not be dismissed on account of the pendency of the former action at the time of the commencement of the subsequent action.

ACTION by W. F. Grubbs against W. B. Ferguson and Company, heard by *Judge M. H. Justice* and a jury, at August Term, 1903, of the Superior Court of NORTHAMPTON County. From a judgment for the plaintiff the defendants appealed.

*Gay & Midyette* and *W. E. Daniel,* for the plaintiff.
*Peebles & Harris* and *Winborne & Lawrence,* for the defendants.

MONTGOMERY, J. In the original complaint the plaintiff set forth two causes of action. The first one was in the nature of an action for damages for false arrest, and the second was for breach of a contract. The allegations of the first cause of action were, in substance, that the plaintiff in January, 1894, settled all matters of account between him and the defendants by the execution of his promissory note to the defendants in the sum of $325, and that he paid that note at maturity; that after the note had been paid, the defendants sued out of the Circuit Court of Nansemond County in the State of Virginia two writs against the plaintiff, one in debt for $528 and one in assumpsit for $700, and caused the plaintiff here, the defendant there, who was then on a visit to Suffolk, Va., to be arrested and held to bail for his appearance; that the defendants in issuing the writs against the plaintiff were actuated by malice and without probable cause, and that the plaintiff was injured to the amount of $5,000.

The second cause of action was that the plaintiff was forced and compelled by the bringing of those suits in Virginia by the defendants to pay to them, under protest, the amount of $770, when in truth and in fact he owed the defendants nothing; that at the time the plaintiff paid the $770 it was agreed between him and the defendants that

they would pay back to the plaintiff so much of the amount as the plaintiff could show was not due to the defendants, and that no part was due to the defendants and no part thereof has been paid back to the plaintiff.

The first cause of action was *nol prossed* at the Fall Term, 1899, of Northampton Superior Court, and we have only to consider on the appeal matters connected with the second cause of action.

Two issues were submitted to the jury as follows: "1. Were all the matters of account and all other indebtedness by note or otherwise between the plaintiff and the defendants, or either of them, compromised or settled on or about January 30, 1894, and fixed at the sum of $325, for which a note was given by the plaintiff to defendants, as alleged in the complaint?" "2. Are the defendants indebted to the plaintiff, and if so, in what amount?"

The defendants objected to the first issue on the ground that it did not arise on the pleadings, that is, upon the plaintiff's second cause of action (the first having been *nol prossed*) and the answer. We think that the objection to that issue was well taken. As we have before said, the second cause of action was for the recovery of an amount of money because of a breach of contract on the part of the defendants, which we have stated in substance in setting out the plaintiff's second cause of action. The allegation of the plaintiff, as we have seen, was that the defendants forced the plaintiff to pay them $770 which he did not owe to the defendants, through the process of the courts, by means of which the amount was extorted from him, with a promise, however, on the part of the defendants to pay back to the plaintiff so much thereof as the plaintiff could show was not due to them. The present action then on the part of the plaintiff, as we have seen, is to recover the amount which he paid to the defendants under duress on the ground

that he did not owe it or any part of the same, and that the defendants agreed to do so if he could show that it was not due. The first issue then did not arise on the pleadings in the second cause of action, and had no connection with the matters there involved, except as a matter of evidence, which we shall presently discuss.

The second issue: "Are the defendants indebted to the plaintiff, and if so, in what amount?" is the issue which ought to have been submitted, and the only one which ought to have been submitted to the jury. Under the second issue the plaintiff could, of course, have used as evidence the note for $325 executed by himself to the defendants in January, 1894, itself to show that he did not owe the defendant anything at the time they sued him in Virginia, or any other facts tending to show that that note was given in full settlement of all demands against him by the defendants.

But if the issue had been a proper one his Honor committed error in refusing to give without qualification the first prayer for instructions of the defendants, which was in these words: "That the fact that the defendants entered suit in the Circuit Court in Virginia against the plaintiff to recover a debt due by him to the defendants, and had the plaintiff arrested, as appears in the evidence, the arrest should not be considered by the jury in deciding the first issue." His Honor qualified that instruction by telling the jury that the evidence is competent and may be considered to throw light on the transaction of January 30, 1894, if it does so. That evidence could in no sense throw any light on the question whether or not the note executed by the plaintiff to the defendants in January, 1894, was a final settlement between the parties. It was greatly prejudicial to the defendants in that it had the effect of placing them, in the eyes of the jury, as men who had used the machinery

of the law to extort money which was not due to them. For the error pointed out there must be a new trial.

But there was another one on so vital a point that we deem it necessary to call attention to it. The plaintiff had undertaken to show that Butler, the book-keeper of the defendants, was sent out by them to the home of the plaintiff in North Carolina with full power to settle all matters of difference between the plaintiff and the defendants, and that such a settlement was made when the note for $325 was executed in January, 1894. Butler testified that his agency was limited; that he told the plaintiff the extent of it, and that he was only authorized to settle one particular matter of business out of many transactions which were then outstanding between the parties. The defendants offered to show by Ferguson, one of the defendants, that the agency of Butler was a limited one and did not extend to a settlement of all the business matters between his firm and the plaintiff. His Honor refused to receive it as substantive evidence, and admitted it only as corroborative of the testimony of Butler.

A book-keeper, as such, of a business man, would not be authorized in law to adjust and settle matters in dispute between his employer and others. If he made such a transaction he would have to be specially authorized to do so; and it seems to us to be evidence, most natural and substantive, to show by the employer the nature and extent of his agent's authority. That persons who deal with an agent must look to the extent of the agent's authority is a principle of law too familiar to need the support of authority.

It is not necessary to notice any other of the exceptions of the defendants, and we do not pass upon them one way or the other, except that one to the failure of his Honor to dismiss the action on the ground that there was another action similar in character in all respects to the present one when the latter was commenced. That was true, but

nearly two years after the present action was instituted the defendants instead of moving to dismiss the latter one made a motion to dismiss the former, and a judgment to that effect was rendered and the case stricken from the docket. They made the way clear for the present action.

For the errors pointed out there must be a

New Trial.