W. E. REED AND WIFE, ANNIE REED, v. CAROLINA MORTGAGE
COMPANY, TRUSTEE.

(Filed 19 September, 1934.)

1. **Injunctions D b—Where plea in abatement raising issues of fact is
   filed in suit for injunction, continuance of temporary order to hearing
   on issues raised by the plea is not error.**

   Where suit is instituted for an accounting and to restrain the fore-
   closure of a deed of trust on the ground that defendant had made certain
   overcharges which should be allowed as credits on the mortgage debt, and
   defendant files answer denying the allegations of the complaint and enter-
   ing a plea in abatement upon allegations of a prior action pending between
   the same parties involving the same subject-matter, and defendant files
   a reply to the plea in abatement alleging certain differences between the
   actions and that defendant had agreed to take a nonsuit in the pending
   action: *Held*, upon the court's finding that the plea in abatement raised
   issues of fact for a jury, its order continuing the temporary restraining
   order until the issues raised by the plea in abatement could be heard and
   determined is not error.

2. **Abatement and Revival B d—**

   The pendency of a suit as ground for abatement may be taken advan-
   tage of by demurrer where the pendency of the suit appears upon the face
   of the complaint, N. C. Code, 511(3), and where it does not appear upon
   the face of the complaint, by answer.

3. **Abatement and Revival B c—**

   Where a nonsuit has been entered in an action, it is no longer pending,
   and will not support a plea in abatement.

STACY, C. J., dissents.

APPEAL by defendant from *Alley, J.,* 1 June, 1934. From JACKSON.
Affirmed.

This was a civil action instituted in the Superior Court of Jackson
County on 16 April, 1934. The plaintiffs filed complaint alleging that
defendant was advertising for sale certain property of the plaintiff under
a deed of trust given by plaintiffs to defendant; that defendant had
made certain overcharges for which plaintiffs should be entitled to
credits; asking for an accounting and praying the court to restrain the
foreclosure sale until the accounting could be had. The defendant filed
answer pleading first a suit pending in Wake County as a plea in abate-
ment, and then answering generally to the plaintiffs' complaint. A
temporary restraining order was issued by Hon. P. A. McElroy, and
was made returnable 25 April, 1934; by consent, the hearing was con-
tinued until 10 May, 1934, before his Honor, F. E. Alley, at Waynes-
ville, N. C., and when the cause came on for hearing before said judge,
counsel for plaintiffs requested a further continuance in order to file

his reply to the defendants' plea in abatement. Thereafter, the case was calendared for trial at May Term of Jackson County Superior Court, being set for Thursday, 24 May, 1934. By consent, same was continued until 30 May, 1934, and then by consent of counsel it was agreed that the matter should be heard at Waynesville before Judge F. E. Alley, on 1 June, 1934, and was heard.

After hearing affidavits and argument of counsel, his Honor, Felix E. Alley, took the case under advisement by consent of counsel, and thereafter rendered the following judgment: "This cause coming on to be heard before the undersigned resident judge of the 20th Judicial District, upon the motion of the plaintiffs to continue the temporary restraining order heretofore issued herein until the final hearing, and for a reference, and upon the motion of the defendant to adjudge a plea in abatement in favor of the defendant and to dissolve said restraining order; and the same having been heard by consent at Waynesville, N. C.; and it appearing to the court that issues of fact arise upon the pleadings with respect to said plea in abatement which require the intervention of a jury, which should be determined before the court undertakes to adjudicate the motion for the continuance of said restraining order to the hearing on the merits, for that if said plea in abatement shall be determined in favor of the defendant, the defendant will be entitled to have said injunction dissolved, and further for that if said plea in abatement shall be finally determined in favor of the plaintiffs they will be entitled to a hearing of their said motion for the continuance of said restraining order until the final hearing, and their demand for an accounting herein.

"Whereupon, the said cause is continued without prejudice to the rights of either party until such time as the issues raised by the pleadings in reference to said plea in abatement may be determined by a jury, and in the meanwhile the restraining order heretofore issued herein is continued until such issues have been determined, as aforesaid. This 1 June, 1934. Felix E. Alley, Resident Judge, etc."

To the foregoing judgment the defendant excepted and assigned error, and appealed to the Supreme Court.

*W. R. Sherrill and F. E. Alley, Jr., for plaintiffs.*
*W. G. Mordecai for defendant.*

CLARKSON, J. Is the judgment in the court below correct? We think so. The pendency of another suit as a ground of abatement may be taken advantage of by demurrer where it appears from the face of the complaint, N. C. Code, 1931 (Michie), sec. 511 (3), where it does not appear from the face of the complaint by way of answer. *Emry*

*v. Chappell,* 148 N. C., 327. In the present action the defendant in its answer says: "Before answering generally the allegations of the plaintiffs' complaint, the defendant Carolina Mortgage Company enters a plea in abatement, and in support of said plea alleges: (1) That on the 17th day of August, 1932, Carolina Mortgage Company instituted a suit in the Superior Court of Wake County, North Carolina, against W. E. Reed and wife, Annie Reed, and on said day, to wit, August 17, 1932, summons was issued from said Superior Court of Wake County to the sheriff of Jackson County, which said summons was duly served on said W. E. Reed and wife, Annie Reed, by the sheriff of Jackson County on the 22d day of August, 1932; that the Carolina Mortgage Company at the time of instituting said suit filed in the Superior Court of Wake County a verified complaint, copies of which were duly served on the defendants at the same time the summons was served. (2) That the foregoing action pending in the Superior Court of Wake County is between the same parties as are parties to the above-entitled suit; that said suit involves the same subject-matter, and that the said W. E. Reed and wife, Annie Reed, could have and should have set up any and all defense in the said suit in Wake County which they now affirmatively set out in the above-entitled action," etc.

The answer to defendant's plea in abatement is as follows: "That the plaintiffs, answering the defendant's alleged plea in abatement, for their answer thereto allege: (1) That paragraph 1 as therein stated is substantially correct, and is therefore admitted. (2) That in answer to paragraph 2 of the defendant's alleged plea in abatement, the plaintiffs admit that suit in Wake County and the suit in Jackson County were between the same parties and involved, in part, only the same subject-matter. That the suit in Wake County was unnecessary and uncalled for; the defendant, at the time it brought that suit, had the same rights, remedy and privileges to foreclose upon default then as it had on the 14th day of March, 1934, at the time it advertised the plaintiffs' home for sale. That in that suit only a default in the monthly installments is alleged. In this suit, pending in Jackson County, overcharges, diversions, retentions or usury are alleged and an accounting is demanded by the plaintiffs; that all other allegations in paragraph 2, as therein stated, not herein admitted, are untrue and therefore denied."

The defendant further alleged in its answer as to its plea in abatement that the action in Wake Superior Court "is still pending." The plaintiffs set up an agreement with the president of defendant company that "the matter was compromised and adjusted," and that they paid the cost of $8.00 in the action to the president, and also that a nonsuit was agreed to be taken, and further set forth: "The reason that no action is or should have been pending in Raleigh against the plaintiffs

herein, and that they relied on the Carolina Mortgage Company, its attorneys, officers and agents to carry out its agreement with the plaintiffs, and therefore no suit in law, equity or good conscience could now be pending in the city of Raleigh between Carolina Mortgage Company and the plaintiffs herein. That the plaintiffs are advised and believe and so aver that they had then the right to rely on the statements of the officers, agents and attorneys of the Carolina Mortgage Company, and that if they have been misled by the defendant herein they are advised and believe that the defendant cannot now take advantage of their own wrong."

It is well settled that if a nonsuit is taken there is no action pending. In *Barnett v. Mills,* 167 N. C., 576 (584), speaking to the subject: "The plea of the pendency of the action in Rutherford County was properly overruled, because that action had been dismissed by judgment of nonsuit. *Cook v. Cook,* 159 N. C., 48; *Brock v. Scott,* 159 N. C., 513; 1 Corpus Juris, 60 and 94."

The court below continued the present action until the disputed fact as to the plea in abatement was determined by a jury. We see no objection to this procedure. We think the injunction proper under the facts and circumstances of this case. *Parker Co. v. Bank,* 200 N. C., 441.

As to whether there are two actions pending between the same parties and for the same causes of action, we do not now determine. The judgment of the court below is

Affirmed.

STACY, C. J., dissents.