M. E. ALLEN v. JOHN M. McDOWELL.

(Filed 29 October, 1952.)

**Abatement and Revival § 8—**

> Where voluntary nonsuit is taken in a prior action subsequent to the filing of answer in the second action between the parties, but prior to the hearing on defendant's motion to abate the motion to dismiss on the ground of pendency of the prior action is properly denied.

APPEAL by defendant from *Sharp, Special Judge,* at 2 June 1952 Term of RANDOLPH.

Civil action to recover on promissory note, and to foreclose chattel mortgage given as security therefor.

The uncontroverted facts seem to be these: That on 14 January, 1951, defendant executed to plaintiff his promissory note in amount of $4,000, to be due on or before 14 November, 1951, and as security therefor executed to plaintiff a chattel mortgage on a certain shovel,—the chattel mortgage being duly registered; that on 20 October, 1951, defendant paid $800 on the note; and that plaintiff instituted this action on 25 February, 1952, for recovery of the balance due on the note, and for possession of the shovel described in the complaint.

Defendant, in his answer, denies that plaintiff is entitled to recover on the note, or the possession of the shovel, at this time, for that on 16 October, 1951, plaintiff instituted another action against defendant for recovery on the same note, and for possession of the shovel; that upon the summons and claim and delivery being served on him, he, the defendant, went to plaintiff and paid his attorney the sum of $800 upon the express agreement that he would make payments as soon as he received the balance of money for his contracts with a named third party, and that plaintiff agreed to drop said action; that the parties to said action were the same, and the subject matter involved therein the same as in the present action; that plaintiff has not taken a voluntary nonsuit, and defendant moves that this action be dismissed for reason that there is another action pending between the same parties concerning the same subject matter.

And defendant avers that pursuant to the agreement with plaintiff at the time he paid plaintiff the $800, plaintiff agreed that if defendant would make payments as soon as he received his money from the named third party, he would be allowed to keep the shovel, and that he has been unable to collect the money due him; and hence this action is premature.

Thereafter the cause came on for hearing on the motion of defendant to dismiss said action in accordance with his plea set up in his answer, and the court finding that though another action between the same parties regarding the same subject matter was pending in the Randolph County Superior Court at the time this action was instituted, plaintiff has taken a voluntary nonsuit in the prior action since the filing of defendant's answer in this case. Thereupon the court denied the motion of the defendant. To order signed in accordance with the above ruling, defendant excepted. Exception 1.

Later the case came on for hearing upon its merits, and issues were submitted to and answered by the jury. And from judgment in favor of plaintiff upon the verdict rendered by the jury, defendant appeals to Supreme Court and assigns error.

*Prevette & Coltrane for plaintiff, appellee.*
*Ottway Burton for defendant, appellant.*

WINBORNE, J. The pivotal question here is this: Where at the time of the commencement of an action in Superior Court, there is another action pending in same court between same parties for the same cause, and defendant files answer therein, pleading in abatement thereof the pendency of the former action, and, before hearing on the plea, plaintiff takes voluntary nonsuit in the former action, may the plea be overruled?

Defendant cites, and relies upon the case of *Curtis v. Piedmont Co.,* 109 N.C. 401, 13 S.E. 944, in support of his contention that the court

should have sustained the plea and dismissed the action. A reading of the opinion there seems to support his position.

But, on the other hand, plaintiff cites and relies in the main upon the case of *Cook v. Cook,* 159 N.C. 46, 74 S.E. 639, in support of his contention that the court properly overruled the plea, and denied motion to dismiss the action. A reading of the opinion there supports his position.

Thus divergent opinions have been expressed in these cases. However, we think, and hold, that the *Cook* case presents the better view. There, in opinion by *Hoke, J.,* the Court said: "As a general rule, this right to plead the pendency of another action between the same parties, before judgment had, is regarded to a large extent as a rule of convenience, resting on the principle embodied in the maxim, *'Nemo debet bis vexare,'* " that is, that "No one should be twice harassed for the same cause." Black's Law Dictionary. And the Court continued by saying: "The defect is one that can be waived, and it may also be cured by dismissing the prior action at any time before the hearing," citing *Grubbs v. Ferguson,* 136 N.C. 60, 48 S.E. 551. See also *Brock v. Scott,* 159 N.C. 513, 75 S.E. 724, and also *Kesterson v. R. R. Co.,* 146 N.C. 276, 59 S.E. 871; *Barnett v. Mills,* 167 N.C. 576, 83 S.E. 826; *Reed v. Mortgage Co.,* 207 N.C. 27, 175 S.E. 834. McIntosh N. C. P. & P. 479-480; Annotation 118 A.L.R. 1477. Compare *Moore v. Moore,* 224 N.C. 552, 31 S.E. 2d 690.

Applying the ruling in the *Cook* case to case in hand, a single action remains, and defendant will not be twice vexed for the same cause.

Other assignments of error have been given due consideration, and in them error is not made to appear. Hence, in the judgment from which appeal is here taken, we find

No error.