### JOHN FLETCHER WALLACE AND WIFE, RENA WALLACE v. NASH JOHNSON.

(Filed 14 October, 1959.)

1. **Abatement and Revival § 7—**

   Plea in abatement for pendency of prior actions cannot be sustained when prior to the hearing on the plea in abatement the other actions have been dismissed by judgments of nonsuit.

2. **Abatement and Revival § 8— Action against administrators for distributive share of rents and timber held not identical with action against one of administrators individually for distributive share of timber sold under power of attorney.**

   An action by husband and wife against a sole defendant to recover a stated sum as the male plaintiff's distributive share in the proceeds of timber sold by the defendant from certain lands under power of attorney, and to have certain deeds and powers of attorney executed to the defendant set aside, will not support a plea in abatement for the pendency of another action against the same defendant and his co-administrator to recover a specified sum as the male plaintiff's distributive share of the rents and profits of the estate coming into the hands of the defendants as administrators and to recover a different specified sum as the distributive share of the male plaintiff in timber sold by the defendants as administrators etc., since the parties are not identical and since it does not appear that there was not more than one sale of timber. Further in this case it does not appear which of the two actions was first instituted.

3. **Abatement and Revival § 4—**

   Plea in abatement for the pendency of prior actions is properly raised by answer when the pendency of the prior suits between the same parties for the same cause does not appear on the face of the complaint, G.S. 1-133.

MOORE, J., took no part in the consideration and decision of this case.

HIGGINS, J., not sitting.

APPEAL by plaintiffs from *Mintz, J.,* April Civil Term, 1959, of DUPLIN.

From a judgment allowing the defendant's plea in abatement, as alleged in his answer, and dismissing the action on the ground that there are three prior actions pending between the same parties for substantially the same cause in the same court, plaintiffs appeal.

*Jones, Reed & Griffin for plaintiffs, appellants.*
*Butler & Butler, Hubert E. Phillips for defendant, appellee.*

PARKER, J.  This case bears the number A-7849 on the civil issue docket of the Superior Court of Duplin County, and is brought by

John Fletcher Wallace, and wife, against Nash Johnson. These facts appear from the complaint's allegations:

E. M. Johnson died testate in 1946. At the time of his death he owned several thousand acres of land in Duplin and Pender Counties on which large quantities of timber were growing. Among the devisees of his last will and testament, which was duly admitted to probate on 16 June 1946, are the defendant Nash Johnson, a brother, B. D. Johnson, a brother, plaintiff John Fletcher Wallace, the son of a prior deceased sister, sisters, and other nephews and nieces.

Plaintiffs and others by a deed executed on 2 September 1946, and duly recorded, conveyed to the defendant Nash Johnson two small tracts of land which E. M. Johnson owned at the time of his death.

Plaintiffs and others by an agreement dated 27 August 1947, and duly recorded, vested the defendant Nash Johnson and B. D. Johnson with title to their interest in all the personal property owned by E. M. Johnson at the time of his death.

Plaintiffs and others by a deed executed on 27 August 1947, and duly recorded, conveyed to defendant Nash Johnson and B. D. Johnson, all their interest in the real property owned by E. M. Johnson at the time of his death, excepting from the conveyance the two small tracts of land owned by E. M. Johnson at the time of his death heretofore conveyed to. defendant Nash Johnson.

Plaintiffs and others by deed executed on 24 November 1947, and duly recorded, conveyed to defendant Nash Johnson and B. D. Johnson 38 tracts of land consisting of several thousand acres owned by E. M. Johnson at the time of his death.

Lucy Wallace Cookenmaster and others by deed executed on 16 April 1948, and duly recorded, conveyed to defendant Nash Johnson and B. D. Johnson, all their right, title and interest in all the personal property bequeathed to them under the will of E. M. Johnson. There is no allegation that plaintiffs signed this deed.

B. D. Johnson died intestate on 15 November 1950, without a widow or issue him surviving.

Plaintiffs and others by deed executed on 1 February 1951, and duly recorded, conveyed to defendant Nash Johnson all of their right, title, and interest in 37 tracts of land described in the deed of plaintiffs and others to defendant Nash Johnson and B. D. Johnson dated 24 November 1947, confirming the execution and delivery of the other instruments heretofore referred to vesting defendant Nash Johnson and B. D. Johnson with the grantors' interest in the real and personal properties owned by E. M. Johnson at his death.

These deeds and the agreement are not in the record. They are summarized in the complaint. According to the averments of the

complaint the deed dated 24 November 1947 conveys 38 tracts of land, and the deed dated 1 February 1951 conveys 37 tracts of land.

Plaintiffs and others by deed executed on 8 May 1951, and duly recorded, vested defendant Nash Johnson with all their right, title and interest "in all of the lands of B. D. Johnson, deceased, situated in Duplin County and Pender County, or any other lands owned by B. D. Johnson at the time of his death, including all lands that he owned in fee and including all lands which he held an interest in."

Plaintiffs and others, by a written power of attorney dated ........ day of ........, 1951, and duly recorded in Duplin County, appointed defendant Nash Johnson their attorney in fact to sell and convey all the merchantable timber from certain tracts of land in Duplin and Pender Counties described in the instrument, including 16 tracts consisting of several thousand acres, and authorized him to execute deeds incident to the sale or sales, and to receive the proceeds from such sale or sales for the use of plaintiffs and others.

Plaintiffs and others by a similar written power of attorney dated 2 April 1951, and duly recorded in Duplin County, appointed defendant Nash Johnson their attorney in fact to sell and convey all merchantable timber on all the lands which B. D. Johnson owned at his death, or in which he had an interest, and to receive and distribute the proceeds from such sale or sales to plaintiffs and the others according to their respective interests, less five per cent commissions and expenses of the sale or sales.

These powers of attorney are not in the record. They are summarized in the complaint.

The defendant Nash Johnson procured the execution and delivery of all the instruments set forth by fraud, the facts of which are averred in detail.

Plaintiffs aver on information and belief, that defendant Nash Johnson in the exercise of the powers vested in him by the powers of attorney, sold timber in the amount of $500,000.00. That he has never accounted to them for the proceeds of the sale or sales, and their distributive share of the proceeds amounts to at least $12,500.00.

Plaintiffs did not discover the fraud defendant Nash Johnson practiced upon them until on or about ........ September 1952, and could not in the exercise of reasonable diligence have discovered it earlier.

Wherefore, plaintiffs pray that they have and recover of the defendant Nash Johnson the sum of $12,500.00 as the distributive share of the plaintiff John Fletcher Wallace in the proceeds from the sale of timber from the lands of B. D. Johnson, which he owned at the time of his death, or in which he owned an interest at such time.

In this case the complaint is for the recovery by the plaintiffs of at least $12,500.00, representing John Fletcher Wallace's distributive share as an heir at law of B. D. Johnson from the sale of timber by defendant Nash Johnson acting under the powers vested in him by powers of attorney on the lands which B. D. Johnson died seized and possessed of, or in which he had an interest, and to set aside for fraud the instruments set forth in the complaint. It would seem that the estate of E. M. Johnson is involved only to the extent that B. D. Johnson is a devisee under his will.

Defendant in his answer, *inter alia,* alleges that there is now pending on the civil issue docket of the Superior Court of Duplin County three prior actions between the same parties for the same cause instituted prior to this action, numbered A-7840, A-7842, and A-7844, and attaches the complaints in these cases to his answer, and incorporates them by reference therein.

Case number A-7840. The plaintiffs are the same as in the instant case. The defendants are different. In the instant case there is one defendant Nash Johnson. In case number A-7840 the defendants are Nash Johnson, his wife, the surviving sisters of E. M. Johnson, and his nephews and nieces. Case number A-7840 is an action to set aside by reason of fraud the deed dated 2 September 1946, the agreement dated 27 August 1947, the deeds dated 27 August 1947, 24 November 1947, and 16 April 1948, all of which are referred to above, and all of which relate to the estate of E. M. Johnson, deceased, and a partition proceeding relating to lands owned by E. M. Johnson at the time of his death, and to have the plaintiff John Fletcher Wallace as a devisee under the last will and testament of E. M. Johnson, deceased, adjudged the owner of a 1/40th undivided interest in the realty owned by E. M. Johnson at the time of his death, to recover from the defendant Nash Johnson $1,000.00, as plaintiff John Fletcher Wallace's share under the will of E. M. Johnson, deceased, of the rents and profits received by Nash Johnson and B. D. Johnson from their joint operations of the farm lands owned by E. M. Johnson at the time of his death until the time of the death of B. D. Johnson, including the crop year 1950, and to recover from Nash Johnson $5,000.00, representing plaintiff John Fletcher Wallace's share under the will of E. M. Johnson, deceased, from the proceeds received by Nash Johnson and B. D. Johnson from the sale of timber made by them prior to the death of B. D. Johnson from lands owned by E. M. Johnson at the time of his death.

Case number A-7842. The parties are the same as in case number A-7840. Case number A-7842 is an action to set aside by reason of

fraud deeds dated 1 February 1951 and 8 May 1951, both of which are referred to above, and the two powers of attorney referred to above, and to have plaintiff John Fletcher Wallace with the other heirs at law of B. D. Johnson, deceased, adjudged the owners and entitled to possession as tenants in common of the realty owned by B. D. Johnson at the time of his death, and that plaintiff John Fletcher Wallace recover from Nash Johnson the sum of $10,000.00, representing his share as an heir at law of the rents and profits received by Nash Johnson from the operation of the farms of B. D. Johnson, deceased, and to recover from Nash Johnson $15,000.00, representing his share as an heir at law from the proceeds received by Nash Johnson from the sale of timber made by him under powers of attorney from lands owned by B. D. Johnson at the time of his death. .

Case number A-7844. The plaintiffs are the same as in the instant case. In the instant case Nash Johnson is sole defendant. In case number A-7844 the defendants are Nash Johnson individually, and Nash Johnson and Ophelia J. Carlton, administrators of the estate of B. D. Johnson, deceased. Case number A-7844 is an action by John Fletcher Wallace as an heir at law of B. D. Johnson, deceased, and his wife, to recover $10,000.00 representing the male plaintiff's distributive share of the rents and profits from the estate of B. D. Johnson, deceased, coming into the hands of the defendant administrators until 9 April 1954, to recover $5,000.00 representing the male plaintiff's share from timber growing upon the lands owned by B. D. Johnson at the time of his death, sold by defendants for at least $100,000.00, and the proceeds from the sale received by the defendants in their capacity as administrators of the estate of B. D. Johnson, deceased, to recover from Nash Johnson individually and from the defendant administrators the male plaintiff's distributive share of $6,257.24 fraudulently paid to Nash Johnson individually by the defendant administrators, and to have declared null and void by reason of fraud practiced upon plaintiffs by Nash Johnson, with the knowledge, consent and acquiescence of his co-defendant Ophelia J. Carlton deeds dated 1 February 1951 and 8 May 1951. Copies of these deeds are not attached to the complaint, and their contents are not summarized therein. But from the dates of the deeds and the book and pages on which it is alleged in the complaint they are recorded in the Register of Deeds office of Duplin County, it would seem that they are the deeds summarized in the complaint in the instant case, and bearing the same dates of execution and the same book and pages of registration in the Register of Deeds office of Duplin County.

It is stated in appellants' brief that cases numbered A-7840 and

A-7842 were dismissed by judgments of nonsuit entered prior to the hearing on defendant's plea in abatement in the case at bar. In the oral argument before us counsel for the defendant admitted that such statement in appellants' brief is correct.

Defendant's objection to the maintenance of the instant action on the grounds that cases numbered A-7840 and A-7842 were pending on the same civil issue docket in the same court was removed by the dismissal of cases numbered A-7840 and A-7842 by judgments of nonsuit prior to the hearing on defendant's plea in abatement, since the objection presupposes that cases numbered A-7840 and A-7842 were actually pending. *Allen v. McDowell,* 236 N.C. 373, 72 S.E. 2d 746; *Cook v. Cook,* 159 N.C. 46, 74 S.E. 639; *Grubbs v. Ferguson,* 136 N.C. 60, 48 S.E. 551. Defendant relies on *Curtis v. Piedmont Co.,* 109 N.C. 401, 13 S.E. 944, in which a different opinion is expressed. In *Allen v. McDowell* the Court referred to the *Curtis v. Piedmont Co.* case, and declined to follow it, stating that "the *Cook case* presents the better view."

The Court said in *McDowell v. Blythe Brothers Co.,* 236 N.C. 396, 72 S. E. 2d 860: "The pendency of a prior action between the same parties for the same cause in a State court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of the State having like jurisdiction."

In the instant case and in case numbered A-7844 the plaintiffs are the same, but the defendants are different. The two cases are different. In the instant case the plaintiff John Fletcher Wallace, according to the allegations of his complaint, seeks to recover $12,500.00 from the defendant Nash Johnson as his distributive share as an heir at law of B. D. Johnson, deceased, in the proceeds received by the defendant Nash Johnson amounting to at least $500,000.00 from the sale of timber by Nash Johnson under powers of attorney, on lands owned in whole or in part by B. D. Johnson at the time of his death, and to have nine written instruments set aside for fraud. The complaint does not allege the date of the sale of the timber, or whether there was one or more sales. In case numbered A-7844, plaintiff John Fletcher Wallace, according to the allegations of the complaint, seeks to recover $10,000.00 representing his distributive share as an heir at law of B. D. Johnson, deceased, of the rents and profits from the estate of B. D. Johnson, deceased, coming into the hands of the defendants as administrators of the estate until 9 April 1954, to recover $5,000.00 representing his share from timber growing on the lands owned by B. D. Johnson at the time of his death, sold by defendants for at least $100,000.00 and the proceeds from the sale received by the defendants in their capacity as administrators of the estate of B. D.

Johnson, deceased, to recover from Nash Johnson individually and from the defendant administrators his distributive share of $6,257.24 fraudulently paid to Nash Johnson by the administrators of the estate of B. D. Johnson, and to have declared null and void two deeds by reason of fraud. The complaint in case numbered A-7844 does not allege the date of the sale of the timber or whether there was one or more sales. In the instant case it is alleged that Nash Johnson, individually, acting under powers of attorney sold $500,000.00 of timber. In case numbered A-7849 it is alleged that the defendants sold at least $100,000.00 of timber, and received the proceeds of the sale in their capacity as administrators. What the evidence will show in respect to these sales, we know not. We are dealing only with pleadings.

As the alleged pendency of prior suits between the same parties for the same cause does not appear on the face of the complaint in the instant action the defendant could not raise the question presented by demurrer, G.S. 1-127, but properly did so by his answer, G.S. 1-133. *McDowell v. Blythe Brothers Co., supra.*

The record does not show whether the instant case or case numbered A-7844 is the prior action. The record in the instant case shows that the summons was issued 15 March 1957, and served on defendant on 18 March 1957, and the record in case numbered A-7844, an appeal in which was argued before us on the same day by the same counsel as of the instant case shows that in case numbered A-7844 the summons was issued on the same day and served on the defendants the same day as in the instant case.

The judgment of the court below is
Reversed.

Moore, J., took no part in the consideration and decision of this case.

Higgins, J., not sitting.