WALLACE v. JOHNSON.

(Filed 14 October, 1959.)

**1. Abatement and Revival § 7—**

Plea in abatement for pendency of a prior action cannot be sustained when prior to the hearing on the plea in abatement the other action has been dismissed by judgment of nonsuit.

MOORE, J., took no part in the consideration or decision of this case.
HIGGINS, J., not sitting.

APPEAL by plaintiffs from *Mintz, J.,* April Civil Term, 1959, of DUPLIN.

This case bears the number A-7844 upon the civil issue docket of the Superior Court of Duplin County. The case, as alleged in the complaint, is summarized in the case of *Wallace v. Johnson,* 251 N. C. 11, 110 S.E. 2d 488, the opinion of the Court in which is filed contemporaneously with this opinion. It would serve no useful purpose to repeat here the summary of the case there, but reference is made to that case for the facts.

The defendants in their answer allege, *inter alia,* that there is a prior action numbered A-7842 pending between the same parties for the same cause on the civil issue docket of the Superior Court of Duplin County, and prays that the action be dismissed and abate.

From a judgment allowing defendants' plea in abatement, and dismissing the action on the ground that case numbered A-7842 is a prior action pending between the same parties for substantially the same cause in the same court, plaintiffs appeal.

*Jones, Reed & Griffin for plaintiffs, appellants.*
*Bulter & Butler, Hubert E. Phillips for defendants, appellees.*

PARKER, J. It is stated in appellants' brief that case numbered A-7842 was dismissed by judgment of nonsuit entered prior to the hearing on defendants' plea in abatement. In the oral argument before us counsel for defendants admitted that such statement in appellants' brief is correct. This being true the trial court should have overruled the plea in abatement, because case numbered A-7842 was no longer pending. *Wallace v. Johnson,* 251 N.C. 11, 110 S.E. 2d 488.

The judgment below is

Reversed.

MOORE, J., took no part in the consideration and decision of this case.
HIGGINS, J., not sitting.