## T. L. EMRY v. EDWARD CHAPPELL.

(Filed 16 September, 1908.)

### 1. Plea in Abatement—Nature of Plea.

In pleas in abatement the facts upon which the plea rests must be stated, and present matters which will defeat the further prosecution of the present action, if proven or admitted.

### 2. Same, Effect of.

An abatement of a suit is a complete termination of it at law, and the abatement of the main action abates proceedings ancillary or collateral to it.

### 3. Pleas in Abatement—Relief in Former Action, When Granted.

When it appears that in a former suit pending between the parties the same relief can be afforded as in the present action, the latter action should be dismissed; and it is immaterial what the position of the respective parties on the record in the two suits may be, whether plaintiffs or defendants, if full relief can be had in the action first commenced.

### 4. Same—Partnership—Dissolution.

In an action by one partner for dissolution of the partnership, on the grounds that he had been denied participation in the profits, and his partner was mismanaging the firm's affairs and converting its assets to his own use, the answer of the other partner alleged the pendency of a prior action against the firm, brought by a creditor of the firm, in which, by answer, he in effect demanded an accounting and dissolution and division of the surplus. All the parties to the former action agreed to a reference, including the taking and stating of an account between the defendants therein, with leave to file and amend pleadings, etc. In the present suit the Judge in the lower court passed upon the answer and evidence in the former suit, and found them to be as stated: *Held,* (1) the plea of former suit by answer in this action was a proper plea; (2) the plaintiff in this action can obtain the same relief in the former action, and have the necessary ancillary remedies which may be required to protect his interests pending the litigation, by proper application to the court; (3) it was error in the lower court to overrule the defendant's motion to dismiss in this action.

### 5. Plea in Abatement—Action Dismissed—Discretionary Powers of Trial Judge.

When in an action there is a plea of a former action, wherein the full relief demanded can be had, it is in the discretion of the trial Judge to stay further proceedings in the present action

until an opportunity is given to correct the record in the former suit, so as to embrace further matters set out in the present suit, or he may dismiss, and require plaintiff to start anew after having the record in the other suit amended.

ACTION heard at chambers, at Kinston, LENOIR County, by *O. H. Allen, J.,* 20 May, 1908.

This is an action for the dissolution of the partnership of Emry & Chappell and for a settlement of its affairs. The plaintiff also asks for an injunction and a receiver to protect the partnership assets pending the action. He bases his claim for relief upon the allegations that the defendant and himself have disagreed as partners, that he has been denied any participation in the management of the business and that the defendant is mismanaging the affairs of the firm and converting its assets to his own exclusive use.

The defendant filed an answer, in which he alleges that there is a former suit pending between the Lyon and Montague Company, which is a creditor of the firm, and Emry & Chappell to recover a debt alleged to be due the plaintiff, and that the plaintiff, Emry, can have the same relief in that action as he now demands in this one. In the case of *Lyon & Montague Co. v. Emry & Chappell* the defendants were served with process. The defendant, Emry, did not answer. The defendant, Chappell, answered only for himself, and averred in his original and amended answers that the plaintiff paid to Emry a large amount due the defendants, after notice from the defendant, Chappell, not to do so, as Emry had already received a large sum in excess of his share of the partnership assets and was misappropriating the same, the amount so paid being more than sufficient to pay the claim of Lyon & Montague against the defendants, and, further, that the said company was also notified by him to reserve an amount sufficient to pay its claim, which it failed to do. He further substantially alleges against his codefendant, Emry, that the partners had disagreed; that Emry had mismanaged the business and misapplied the as-

sets, converting them to his own use, so that on 1 October, 1906, he was indebted to the firm in the sum of $48,895.69, one-half of which was due to him; that he had demanded a settlement, which Emry refused and then withdrew from active management of the business, leaving him in sole charge, and that upon a settlement Emry will owe him at least $20,-000. He demands judgment for a dissolution of the partnership and an accounting of all of the dealings and transactions of the firm; that its property be sold, the debts paid and the surplus divided between the partners according to their several and respective rights. He further prays that a judgment be rendered against Emry for $20,000, the amount due by him to Chappell, the answering defendant. There is a prayer for further relief and costs. The record shows that all the parties agreed to refer the case for the purpose of taking and stating an account between the plaintiffs, Lyon & Montague, and the defendants, Emry & Chappell, and also between the defendants themselves, as partners, with leave to Chappell to amend his answer and to Emry to file an answer. The reference was so ordered, with the consent of all the parties.

The Judge passed upon the answer and the evidence of the record in the former suit, which he found as a fact to exist, and, after consideration of the same, refused to sustain the plea in abatement, or answer in the nature of a plea, or to dismiss the action, because the plaintiff could not obtain the same relief in the other action pending in the Superior Court of Nash County as he sought to obtain in this case. The defendant, Chappell, excepted and appealed.

*E. L. Travis* and *Walter E. Daniel* for plaintiff.
*Battle & Cooley* and *Bunn & Spruill* for defendant.

WALKER, J., after stating the case: The record shows that the suit of *Emry v. Chappell* was commenced on 6 May, 1908, that being the day on which the summons was delivered

by the Clerk to the Sheriff, as appears by the latter's endorsement on the process. *Smith v. Lumber Co.,* 142 N. C., 26; *Webster v. Sharpe,* 116 N. C., 466. The order of reference in *Lyon & Montague v. Emry & Chappell* was made, with the consent of the parties, on 27 April, 1908. We refer to this matter, as it was contended by the plaintiff's counsel that this action was commenced before the reference was ordered.

• Pleas in abatement, being dilatory pleas, are not favored at common law or under The Code, and can be used only to present matter which defeats the present action. If the right of action is denied, the facts upon which the denial rests must be pleaded in bar, but the abatement of a suit is the complete termination of it at law, and the abatement of the main action abates proceedings ancillary or collateral to it. The general principle of the law is that the pendency of a prior suit for the same thing or, as is commonly said, for the same cause of action between the same parties in a court of competent jurisdiction will abate a later suit, because the law abhors a multiplicity of suits and will not permit a debtor or a defendant to be harassed or oppressed by two actions, if even substantially alike, to recover the same demand, when the plaintiff in the second action can have a complete remedy by one of them. 1 Cyc., 20-21; *Alexander v. Norwood,* 118 N. C., 381; *McNeill v. Currie,* 117 N. C., 341; *Harris v. Johnson,* 65 N. C., 478. The principle is based upon the supposition that, if the first suit is so constituted as to be effective and available, and also to afford an ample remedy to the plaintiff in the second, the latter is unnecessary and should be dismissed. *Smith v. Moore,* 79 N. C., 82. The positions of the respective parties on the record in the two suits, whether plaintiffs or defendants, is not material, if full relief can be had in the one first commenced. *Gray v. Railroad,* 77 N. C., 299; *Wallace v. Robinson,* 41 N. H., 286. It is held in *Wallace v. Robinson,*

*supra,* that, when one partner brings a suit against his co-partners for an account, all the parties are to be regarded as actors, and the judgment should settle the partnership concerns between all the partners, as if each was a complainant in a suit against his copartners. In *Crane v. Larsen, supra,* the Court held that The Code allows the fact that there is another action or suit pending between the same parties for the same cause to be pleaded by way of answer, when it does not appear from the face of the complaint, the evident object of this provision being to prevent unnecessary litigation and to avoid a second lawsuit where the identical matter is at issue between the same parties in a former one, and if there were other parties in the first suit not included in the subsequent one it would not necessarily prevent the pendency of the former action from being a defense to the latter, nor would the fact that the parties, plaintiff and defendant, were reversed in the two suits prevent the defense, if the issue in the two were the same, and the same relief attainable.

The only question, therefore, is whether the plaintiff in this action can have the same relief he now seeks in the former suit. We think it clear that he can. The matters involved in the two suits, as between him and his copartner Chappell, are precisely the same and, at least, substantially identical. He can by answer in the former suit obtain the same relief he asks for in this independent action, and he can, also, by proper application to the court, have such ancillary remedies as may be required to protect his interests pending the litigation, if this kind of relief is necessary to complete the identity of the two actions.

It may be that the plaintiff in the former suit was entitled to judgment, notwithstanding the answer by Chappell, Emry having failed to answer, and that Chappell could not litigate partnership controversies, as between him and Emry, in that suit, upon the ground that they do not relate

to and have no connection with the plaintiff's cause of action and constitute no defense thereto, but this matter is not before us. It is a question of pleadings and procedure, and not one of jurisdiction, and if there was any irregularity or defect in the proceedings it was waived by the consent of the parties to the order of reference.

It was stated by counsel at the hearing of this case in this Court that the plaintiff, Emry, had moved in the former action to strike out the reference, for the reason that he had not, in fact, consented to it, and that his motion had not been passed upon. It may be that, by motion in the cause and an amendment of the record, and by proper pleading with reference to the answer of Chappell in the former suit, it may be shown that relief cannot be had therein by the plaintiff in that case. We do not decide this question, as it is not before us. The Judge of the Superior Court may in his discretion stay further action in this case until the plaintiff can have an opportunity to correct the record in the former suit, if it can be corrected so as to avail him in this action, or he may dismiss this case and require the plaintiff to start anew after having the record in the other suit amended. The plaintiff can proceed in the matter as he may be advised. All we decide now is that the court committed an error in overruling the defendant's motion to dismiss, in the present state of the record in the former action, as the plaintiff can have full relief therein.

Error.