ALICE H. MOORE v. LENWOOD R. MOORE.

(Filed 18 October, 1944.)

1. **Actions §§ 9, 11: Judgments § 17a—**

A civil action is commenced by the issuance of summons, G. S., 1-88, and is deemed to be pending until its final determination by judgment. G. S., 1-208.

2. **Clerks of Superior Court § 3: Judgments § 22h: Trial § 22a—**

In an action by a wife against her husband for separate maintenance and counsel fees wherein the judge has made an order for subsistence and counsel fees pending further orders, a judgment of the clerk, upon findings of fact that the parties had resumed marital relations and dismissing the action as of voluntary nonsuit, is a nullity and void upon its face. It is manifestly not voluntary. G. S., 1-209.

**3. Clerks of Superior Court § 3—**

Clerks of the Superior Court are courts of very limited jurisdiction, having only such jurisdiction as is given by statute.

**4. Pleadings §§ 6, 16c—**

Where it is made to appear that a former action is pending between the same parties and upon substantially the same causes, when a second action is commenced. on appropriate plea by answer or demurrer, the court will dismiss the latter action.

APPEAL by defendant from *Frizzelle, J.,* at Chambers in New Bern, North Carolina, on 9 March, 1944. From PAMLICO.

Civil action for (1) divorce from bed and board, (2) separate maintenance, (3) establishment of property rights, and (4) alimony and allowance for counsel fees *pendente lite.*

The record and statement of case on appeal disclose these pertinent facts:

1. On 11 April, 1941, plaintiff, Alice H. Moore, instituted an action in Superior Court of Pamlico County against her husband, the defendant Lenwood R. Moore, for allowance for subsistence and counsel fees. In her complaint the plaintiff alleged that defendant separated himself from, and abandoned her on 13 February, 1941, and committed adultery, and failed to provide her and child, under adoption, with necessary subsistence according to his means and condition in life. The prayer for relief is that she have judgment not only allowing subsistence and counsel fees, but "such other and further relief as she may show herself to be entitled to, and recover her cost." The complaint is verified in accordance with provisions of G. S., 50-8, and not as permitted under G. S., 50-16, in actions for alimony without divorce. Defendant was served with summons and filed answer admitting marriage, but denying allegations as to adultery. Upon hearing of the cause at April Term, 1941, of said Superior Court, before Carr, J., presiding, the court ordered that defendant pay (1) the sum of three ($3.00) dollars per week for the necessary subsistence of plaintiff until the further order of the court, and (2) the sum of fifty ($50.00) dollars on account of reasonable counsel fees (temporary).

Thereafter, on 16 February, 1944, the clerk of said Superior Court entered a judgment as follows:

"This cause coming on to be heard and being heard by Alice G. McCotter, Clerk of the Superior Court, Pamlico County, and it appearing to the Court that the above entitled action was instituted in the Superior Court of Pamlico County on the 11th day of April, 1941, and an order was entered therein by His Honor, Judge Leo Carr; and it further appearing to the Court that a short time after said Order was

entered, providing for payment of counsel fees and maintenance and support for the plaintiff by the defendant, the plaintiff and defendant resumed the marital relations and continued to live together as husband and wife until the............day of January, 1944.

"It is thereupon considered by the Court and adjudged that the action be, and it is hereby dismissed as of voluntary nonsuit."

2. In the meantime on 4 February, 1944, upon motion of defendant a second action, instituted 29 January, 1944, in which plaintiff was seeking against defendant substantially the same relief as that asked for in the former action instituted 11 April, 1941, was dismissed.

3. And further, on 16 February, 1944, after the clerk had signed the judgment of 16 February, 1944, as above set forth, summons in the present action issued out of Superior Court of Pamlico County against defendant and was served upon him on 18 February, 1944—the purpose of the action and the grounds upon which it is based being substantially the same as in the action instituted 11 April, 1941, in which the judgment of the clerk was entered as aforesaid. In complaint filed it is alleged that a voluntary nonsuit in the original action has been entered by the clerk of Superior Court of Pamlico County. In answer thereto defendant avers that he has fully complied with order signed at Spring Term, 1941, and "that the plaintiff has attempted to take a nonsuit of the original cause of action," and prays that plaintiff take nothing by this action and that the former order be sufficient at present for maintenance and support of plaintiff.

Thereafter, on 23 February, 1944, defendant entered a special appearance and moved to dismiss this action on the grounds that at Spring Term, 1941, of Superior Court of Pamlico County plaintiff secured an order for alimony and counsel fees on the same cause of action which she is now asking new order for alimony and counsel fees; and that while plaintiff has attempted to take a nonsuit in the original action, defendant has duly excepted to the order of nonsuit signed by the clerk and appealed to Superior Court. The court being of opinion that the question attempted to be raised here can only be raised by a plea in abatement, denied the motion. Exception.

Thereafter, on 2 March, 1944, at hearing at Kinston, N. C., defendant filed plea in abatement of this action for that there is another action pending in Superior Court of Pamlico County between the same parties, in which action plaintiff is there seeking substantially the same relief as the plaintiff is seeking in this action, and in support of the plea offered the summons, issued 11 April, 1941, and the complaint, and answer, and order of Carr, J., awarding plaintiff $3.00 per week as alimony and $50.00 counsel fees, as aforesaid. Ruling on the plea, hav-

ing been deferred at hearing in Kinston, was denied on hearing at New Bern on 9 March, 1944. Exception. And, thereupon, Frizzelle, resident judge of the district, before whom the cause was being heard on motion for alimony *pendente lite* and counsel fees for prosecution of this action, and upon facts found, entered an order that pending the final hearing of the cause defendant will pay to plaintiff for her maintenance and subsistence ten ($10.00) dollars per week, beginning 16 March, 1944, and to plaintiff's counsel the sum of $200.00—the allowance to counsel to be taken into consideration by the trial judge and credited on allowance made for counsel fees at the final hearing of the cause. Exception.

Defendant appeals to Supreme Court and assigns error.

*W. F. Ward and R. E. Whitehurst for plaintiff, appellee.*
*Z. V. Rawls for defendant, appellant.*

WINBORNE, J. The contention of defendant, appellant, that the court erred in denying his plea in abatement is well taken.

In this State a civil action is deemed to be pending from the time it is commenced until its final determination. *McFetters v. McFetters,* 219 N. C., 731, 14 S. E. (2d), 833, and authorities there cited. A civil action is commenced by the issuance of a summons. G. S., 1-88. The final determination is by judgment. G. S., 1-208.

In the light of these principles the question is whether the purported judgment of nonsuit signed by the clerk of Superior Court of Pamlico County is a judgment within the meaning of the statute, G. S., 1-208. We hold that it is void upon its face.

The clerks of the Superior Court are courts of very limited jurisdiction—having only such jurisdiction as is given by statute. *Beaufort County v. Bishop,* 216 N. C., 211, 4 S. E. (2d), 525; *McCauley v. McCauley,* 122 N. C., 288, 30 S. E., 344; *Dixon v. Osborne,* 201 N. C., 489, 160 S. E., 579. See also *Ange v. Owens, ante, 514.* Under the statute, G. S., 1-209, conferring on the clerks of the Superior Court authority to enter judgments of nonsuit, the authority is limited to judgments of voluntary nonsuit. And the wording of the judgment by which the clerk undertook to dismiss the action commenced on 11 April, 1941, shows that it is entered upon findings of fact, and, hence, manifestly is not a voluntary judgment. Therefore, the clerk, having undertaken to enter a kind of judgment which she had no jurisdiction to enter, the judgment so entered is void and is a nullity, and may be so treated at all times. *Clark v. Carolina Homes,* 189 N. C., 703, 128 S. E., 20; *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315; *Casey v. Barker,* 219 N. C., 465, 14 S. E. (2d), 429. Thus there has been no final determi-

nation of the action in which the clerk attempted to enter judgment. That action between the same parties and upon substantially the same cause as the present action was pending when the present action was commenced and is still pending. When this is made to appear to the court by appropriate plea, answer or demurrer, and all material questions and rights can be determined therein, the latter action will be dismissed. *Alexander v. Norwood,* 118 N. C., 381, 24 S. E., 119; *Emry v. Chappell,* 148 N. C., 327, 62 S. E., 411; *Allen v. Salley,* 179 N. C., 147, 101 S. E., 545; *Morrison v. Lewis,* 197 N. C., 79, 147 S. E., 729; *Underwood v. Dooley,* 197 N. C., 100, 147 S. E., 686; 64 A. L. R., 656; *Construction Co. v. Ice Co.,* 190 N. C., 580, 130 S. E., 165; *Johnson v. Smith,* 215 N. C., 322, 1 S. E. (2d), 834. Compare *Kesterson v. R. R.,* 146 N. C., 276; 59 S. E., 871; *Cook v. Cook,* 159 N. C., 46, 74 S. E., 639; *Brock v. Scott,* 159 N. C., 513, 75 S. E., 724; *Barnett v. Mills,* 167 N. C., 576, 82 S. E., 826; *Reed v. Mortgage Co.,* 207 N. C., 27, 175 S. E., 834.

The judgment from which this appeal is taken will be set aside. The Action abates.