N. B. BONEY AND JOHN A. YARBOROUGH, CO-ADMINISTRATORS OF THE
ESTATE OF LOWELL N. DOUGLAS, DECEASED, v. MRS. MARY B. PAR-
KER, G. B. D. PARKER, JR., SARAH PARKER OLSEN, HARDY
ROYALL PARKER, L. R. HAGOOD AND J. C. NORRIS.

(Filed 16 April, 1947.)

**Abatement and Revival § 9—Plea in abatement for pendency of prior action
held proper only as to parties whose liability is in issue in prior action.**

The owner of a truck involved in a collision with an automobile insti-
tuted action against the administrators of the owner-driver of the car,
who had died as a result of injuries received in the collision. Defendants
filed counterclaim alleging that the death of their intestate was a result of
negligence of the driver of the truck acting in the course of his employ-
ment by plaintiff. Thereafter, administrators instituted suit against the
owner and the driver of the truck, and the manager and the owners of a
farm upon allegations that the truck was being driven for their benefit in
connection with the operation of the farm. *Held:* The plea in abatement
of the owner of the truck was properly allowed, since her liability to the
administrators was in issue in the prior action, but as to the other defend-
ants in the second action, the plea was properly overruled. G. S.,
1-127 (3).

APPEAL by defendants from *Thompson, J.,* at November Term, 1946,
of WAKE. Affirmed.

Defendants' demurrer on the ground that there was another action
pending between the same parties for the same cause, was sustained as
to the defendant Mary B. Parker, and overruled as to the other defend-
ants.

Defendants excepted and appealed.

*Smith, Leach & Anderson and Robert C. Wells for plaintiffs, appellees.*
*Rivers D. Johnson and L. A. Beasley for defendants, appellants.*

DEVIN, J. The defendants by answer interposed a plea in abatement,
(G. S., 1-133), and sought dismissal of plaintiffs' action on the ground
that there was another suit pending between the same parties for the
same cause. Defendants' motion, which was based on the pleadings in
this case and the record in the case of Mary B. Parker *vs.* N. B. Boney
and John A. Yarborough, Administrators of Lowell N. Douglas, pending
in the Superior Court of Wayne County, was allowed as to Mary B.
Parker, and the action dismissed as to her, and denied as to the other
defendants. The defendants' appeal brings the matter here for review.

The pertinent procedural steps leading up to the present controversy
and upon which the ruling below was based, may be briefly stated in
chronological order as follows: January 12, 1946, a collision on the
highway between the automobile owned and driven by Lowell N. Douglas

and the motor truck of Mary B. Parker, driven at the time by J. C. Norris, resulted in damage to both vehicles and a personal injury to Lowell N. Douglas from which shortly thereafter he died in a hospital in Wayne County. March 1, 1946, N. B. Boney was appointed administrator of the estate of Lowell N. Douglas by the clerk of the Superior Court of Wayne County, and subsequently John A. Yarborough, a resident of Wake County, was appointed co-administrator of the estate. July 11, 1946, Mary B. Parker instituted suit in Duplin County, where she resided, against the administrators of the estate of Lowell N. Douglas to recover damages for injury to her motor truck alleged to have been caused by the negligence of their intestate. The administrators filed answer denying the allegations of negligence, and set up a counterclaim for damages against Mary B. Parker for wrongful death of their intestate, alleging this was due to the negligence of the servant and agent of Mary B. Parker who was at the time driving the truck for her. Damages were asked for wrongful death, for suffering endured by Lowell N. Douglas, and for injury to his automobile in the total sum of $78,200. Mary B. Parker replied denying the material allegations of the counterclaim. August 20, 1946, by order, on motion of the administrators, the action was removed from Duplin to Wayne County, where it is still pending.

October 2, 1946, the named administrators instituted this action against the defendants Mary B. Parker, G. B. D. Parker, Jr., Sarah Parker Olsen, Hardy R. Parker, L. R. Hagood, and J. C. Norris for damages for wrongful death of Lowell N. Douglas resulting from collision of his automobile with the negligently driven motor truck of Mary B. Parker, and for damages for suffering endured by their intestate and for injury to his automobile, in the same amounts as set up in the counterclaim in the first action, and alleged that the defendants were severally liable for the injuries complained of, in that Mary B. Parker was the owner of the offending truck which was being driven at the time by her authority; that G. B. D. Parker, Jr., Sarah Parker Olsen, and Hardy B. Parker were the owners of the farm in connection with which and for whose benefit the truck was being operated; that L. R. Hagood was manager and interested in the farm, and the truck was being operated under his supervision and control; and that J. C. Norris negligently drove the truck, and was at the time acting as the servant and agent of the other defendants.

It is apparent that Mary B. Parker was properly dismissed from the action in Wake County as the question of her liability was presented by the counterclaim of the administrators in the already pending action in Wayne County. A complete remedy as against her is available in that action. In her case "there was another action pending between the same parties for the same cause." G. S., 1-127 (3); *Allen v. Salley,* 179

N. C., 147, 101 S. E., 545; *Johnson v. Smith,* 215 N. C., 322, 1 S. E. (2d), 834; *Moore v. Moore,* 224 N. C., 552, 31 S. E. (2d), 690; *Underwood v. Dooley,* 197 N. C., 100, 147 S. E., 686; *Emry v. Chappell,* 148 N. C., 327, 62 S. E., 411.

However, the provisions of the statute as interpreted by the decisions of this Court do not help the other defendants. While the same transaction, to wit, the collision of motor vehicles, is the basis of both suits, the question of the liability of the defendants, other than Mary B. Parker, is in no way presented in the suit in Wayne County, and hence the plea in abatement, or demurrer under the statute, would not be available to these defendants. To justify its dismissal the second action must be determined to be not only for substantially the same cause, but also between the same parties. Unless full relief can be had in the first suit the plaintiffs may not be debarred from seeking remedy against others who are not parties to that action. Whether the administrators, the defendants in the Wayne County suit, could have made these other persons, now sued in Wake County, parties defendant in Wayne County, and by a cross-action brought them into that court on the question of their liability for the injury complained of, is not here presented, as the administrators did not elect to attempt that course. See *Montgomery v. Blades,* 217 N. C., 654, 9 S. E. (2d), 397; *Emry v. Chappell,* 148 N. C., 327, 62 S. E., 411. However, it is open to the parties to ask for a removal of this suit to Wayne County for trial if in the discretion of the judge the convenience of witnesses and the ends of justice would be promoted. G. S., 1-83 (2).

The ruling of the Superior Court in overruling the plea in abatement of the defendants other than Mary B. Parker must be upheld, and the judgment

Affirmed.