MAE SNYDER BUCHANAN v. G. D. SMAWLEY.

(Filed 18 September, 1957.)

**1. Abatement and Revival § 4—**

A demurrer on the ground of the pendency of a prior action must be overruled when it appears upon the face of the complaint that even though the prior action involves the same subject matter it is not between the same parties. G.S. 1-127(3). If the identity of the actions does not appear upon the face of the complaint, objection may be raised only by answer. G.S. 1-133.

**2. Eminent Domain § 26: Pleadings § 19c—Complaint held not to disclose as matter of law that title to property in question had passed to Highway Commission.**

It appeared from the complaint that the State Highway and Public Works Commission had filed motion for immediate possession of the land in controversy, that the clerk entered order on the hearing that the property involved was not embraced in the boundaries set out in the courthouse map of the highway project, and denied the Commission possession of the property, from which order the Commission appealed, and that while the appeal was pending the Commission moved for appointment of commissioners to determine the amount of compensation, that the clerk affirmed the award of the commissioners and appeal was entered by the Commission, and that while the appeals were pending the Commission purported to sell buildings located on plaintiff's land to defendant, and that defendant entered upon plaintiff's property and took and carried away the buildings, shrubs, plants, trees, and cut down valuable shade trees, etc. *Held:* Demurrer to the complaint on the ground that it failed to state a cause of action should have been overruled. G.S. 1-127(6).

**3. Pleadings § 15—**

A demurrer tests the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of fact contained therein and relevant inferences of fact necessarily deducible therefrom.

**4. Pleadings § 19c—**

Demurrer for failure of the complaint to state a cause of action should be overruled if any portion of the pleading is good and states a cause of action, since a pleading must be fatally defective before it will be rejected.

APPEAL by plaintiff from *Clarkson, J.,* at January 1957 Term, of RUTHERFORD.

Civil action to recover property of plaintiff wrongfully taken, and for damage to other property of plaintiff in the taking—heard upon demurrer to complaint.

Plaintiff alleges in her complaint substantially the following:

That plaintiff, at the times hereinafter mentioned, was, and now is the owner and in possession of a certain specifically described tract of land located in Rutherford County.

That for condemnation of a portion of said land, as being necessary to construction of Project 8812, for the relocation of Highway #221 in Rutherford County, the State Highway and Public Works Commission began action in Superior Court of Rutherford County, before the Clerk of that court on 8 October, 1956, and attached a map purporting to show that a portion of said land lay within the said Project 8812, as shown on duly posted courthouse maps as required by law.

That on 19 June, 1956, after answer was duly filed in said proceeding, the State Highway and Public Works Commission served on plaintiff notice and motion stating that it would appear before the Clerk of said court and ask for immediate possession of the lands which they claimed to be embraced within the boundaries of said Project 8812.

That pursuant thereto a full and complete hearing was had before the said Clerk on 25 June, 1956, and thereafter the Clerk entered an order in which it was held that the property involved in the motion of the State Highway and Public Works Commission lay outside the right of way boundary of said Project 8812 and was not embraced in the boundaries thereof as set out in the courthouse map of said project, and, thereupon, denied the State Highway and Public Works Commission possession of the property.

That from this order the Commission gave notice of appeal.

And while the appeal was pending, "as it still is as of the present date," the Commission served notice and motion for the appointment of commissioners to determine the amount of compensation which should be paid for the property of plaintiff which the Clerk had decided lay outside the boundaries of Project 8812; and pursuant to the notice and motion therefor the Clerk of Superior Court appointed certain commissioners who made their report on 9 August, 1956, to which the State Highway and Public Works Commission filed exceptions on 15 August, 1956.

That the Clerk affirmed the award of the commissioners, and State Highway and Public Works Commission entered the following appeal entries: "To the signing and entering of the above judgment by the Clerk affirming the report of the commissioners, petitioner State Highway and Public Works Commission objects and excepts and in open court gives notice of appeal to the Superior Court of Rutherford County and demands a trial by the jury of the issues of fact involved in this proceeding. Further notice waived."

That while the said appeal from the said order of the Clerk was still pending, the State Highway and Public Works Commission purported to sell the buildings located on the land of plaintiff to defendant G. D. Smawley, at which time the buildings were the property of plaintiff, had been judicially declared to be outside the boundary of Project 8812, and were in possession of plaintiff.

That defendant entered upon the property of plaintiff and took and carried away (plaintiff's) buildings to land belonging to him, and is presently using them,—claiming to be owner thereof.

That in taking the buildings from the property of plaintiff defendant cut down valuable shade trees, and completely destroyed the yard and lawn of plaintiff. And that in addition thereto, defendant took and carried away a large number of shrubs, plants, trees and flowers to which he had no claim or color of title—knowing at the time that they did not belong to him, and were the sole property of plaintiff. That by these acts of defendant plaintiff has been greatly damaged, etc.

Defendant demurs to plaintiff's complaint, and, for causes, says:

"1. That the plaintiff's complaint fails to state a cause of action against this defendant in this action.

"2. That on the face of plaintiff's complaint it shows that another action is pending between the plaintiff and the State Highway and Public Works Commission which involves all of the matters and controversies as to the condemnation of the property involved for highway purposes; that commissioners were duly appointed by the Clerk of the Superior Court to appraise the damages making report therefor which has been appealed by the State Highway and Public Works Commission, and is now pending for trial in the Superior Court, Rutherford County, North Carolina.

"3. That in plaintiff's complaint it is alleged: (a) That the State Highway and Public Works Commission made the entries of appeal from the Clerk's order confirming the commissioners' report; and (b) that the plaintiff (defendant) herein purchased the property from the State Highway and Public Works Commission."

The cause was heard at term, and the demurrer sustained, and the action dismissed, on the first two grounds stated. Plaintiff excepts thereto and appeals to Supreme Court and assigns error.

*Hamrick & Hamrick for Plaintiff Appellant.*
*Stover P. Dunagan and Hamrick & Jones for Defendant Appellee.*

WINBORNE, C. J. This appeal challenges, and properly so, the judgment sustaining the demurrer from which appeal is taken.

The applicable statute, G.S. 1-127, provides in sub-section 3 thereof that defendant may demur to the complaint when it appears upon the face of it that "there is another action pending between the same parties for the same cause." And applying this statute it is uniformly held by this Court that if the fact of the pendency of such prior action appears on the face of the complaint, it is ground upon which defendant may demur to the complaint. But if the fact does not so appear, objection may be raised by answer, G.S. 1-133, and treated as a plea in

abatement. See *Moore v. Moore*, 224 N.C. 552, 31 S.E. 2d 690, and cases cited. Also *Boney v. Parker*, 227 N.C. 350, 42 S.E. 2d 222; *Dwiggins v. Bus Co.*, 230 N.C. 234, 52 S.E. 2d 892; *Reece v. Reece*, 231 N.C. 321, 56 S.E. 2d 641; *Allen v. McDowell*, 236 N.C. 373, 72 S.E. 2d 746; *McDowell v. Blythe Bros. Co.*, 236 N.C. 396, 72 S.E. 2d 860.

Indeed, a speaking demurrer is not permitted. *Reece v. Reece, supra.*

In the light of the statute and these decisions applied to the allegations of the complaint here challenged it is seen that the prior action referred to is not between the same parties. Hence the pendency of it is not ground for demurrer.

And the applicable statute G.S. 1-127 also provides, in sub-section 6 thereof, that defendant may demur to the complaint when it does not state facts sufficient to constitute a cause of action.

In this connection "The office of demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of the facts contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, and also admitted . . .," Stacy, C. J., in *Ballinger v. Thomas*, 195 N.C. 517, 142 S.E. 761. See also *Andrews v. Oil Co.*, 204 N.C. 268, 168 S.E. 228; *Toler v. French*, 213 N.C. 360, 196 S.E. 312; *Leary v. Land Bank*, 215 N.C. 501, 2 S.E. 2d 570, and numerous other decisions to same effect.

In the light of this principle it is the established rule that where a general demurrer is filed to a complaint as a whole, if any portion of the pleadings is good and states a cause of action, the demurrer should be overruled. A complaint must be fatally defective before it will be rejected as insufficient. See *Meyer v. Fenner & Beane*, 196 N.C. 476, 146 S.E. 82; *Griffin v. Baker*, 192 N.C. 297, 134 S.E. 651; *Blackmore v. Winders*, 144 N.C. 212, 56 S.E. 874.

Applying these principles to the facts alleged in the complaint, admitted for the purpose, to be true, it may not be held that the allegations are so fatally defective.

Hence the demurrer must be overruled, and "the cause remanded for further proceedings . . . as to right and justice appertain, and as the law directs." *S. v. Rhodes*, 208 N.C. 241, 180 S.E. 84.

For reason set forth, the judgment from which appeal is taken is

Reversed.