ELEANOR DEMORET v. LAWRENCE H. LOWERY, ORIGINAL DEFENDENT, AND CASADY A. DEMORET, ADDITIONAL DEFENDANT.

(Filed 16 March, 1960.)

**Abatement and Revival § 8—**

In an action between the respective drivers of the cars involved in a collision, each driver sought to recover damages to his vehicle upon allegations that the collision was the result of the negligence of the other. Thereafter, the passenger in one of the vehicles sued the driver of the other vehicle to recover for personal injuries. *Held:* The defendant in the second action, joined for contribution, is not entitled to set up as a counterclaim the identical matter asserted by him in the prior action.

APPEAL by original defendant from *Bundy, J.,* November-December, 1959 Term, CRAVEN Superior Court.

Civil action to recover damages for personal injury alleged to have been negligently inflicted. This appeal is from an order refusing to allow the original defendant's plea in abatement to the additional defendant's cross action against him.

*Barden, Stith & McCotter for defendant, appellant, Lawrence H. Lowery.*

*Williams, Williams & Morris, By: William C. Morris, Jr., for defendant, appellee, Casady A. Demoret.*

HIGGINS, J. As gathered from the pleadings, this controversy grew out of a rear-end collision on U. S. Highway No. 70 near Old Fort in McDowell County. Involved in the accident were a 1950 Chevrolet owned and driven by Lawrence H. Lowery of McDowell County, and a 1954 Chevrolet owned and driven by Casady A. Demoret of Craven County. The accident occured on November 24, 1958. Eleanor Demoret, wife of Casady A. Demoret, was a passenger in her husband's vehicle at the time of the accident.

On March 23, 1959, Lowery instituted a civil action against Demoret in the Superior Court of McDowell County to recover property damage which he alleged was caused to his automobile by the negligence of Demoret in ramming it from behind as both were driving west. Demoret filed answer, denied negligence, pleaded contributory negligence, and set up a counterclaim for the damages to his own vehicle which he alleged were caused by the negligence of Lowery in entering the highway from a parking space without warning and without giving Demoret time to avoid the collision. Each driver alleged the other's negligence caused the accident.

On November 16, 1959, Eleanor Demoret instituted the present action in the Superior Court of Craven County against Lowery to recover for personal injuries she suffered in the accident. Lowery filed an answer, denied negligence, and had Demoret brought in as an additional party defendant for purposes of contribution. G.S. 1-240. Demoret filed an answer denying negligence and set up as a cross action against the original defendant the identical matters which were the subject of his counterclaim in the original defendant's action in McDowell.

The question of law presented is this: Does the cross action here abate on the ground the same cause of action is already pending in the Superior Court of McDowell County? "If the fact of the pendency of such prior action appears on the face of the complaint, it is ground upon which defendant may demur . . . But if the fact does not so appear, objection may be raised by answer, G.S. 1-133, and treated as a plea in abatement." *Dwiggins v. Bus Co.*, 230 N.C. 234, 52 S.E. 2d 892. When there is a prior action pending, a plea in abatement must be sustained to a second cause of action involving the same matters. *Seawell v. Purvis*, 232 N.C. 194, 59 S.E. 2d 572. "Where an action is instituted, and it appears to the court by plea, answer or demurrer, that there is another action pending between the parties and substantially on the same subject matter, and that all the material questions and rights can be determined therein, such action will be dismissed." *Dwiggins v. Bus Co.*, supra; *Brothers v. Bell Bakeries, Inc.*, 231 N.C. 428, 57 S.E. 2d 317, citing many cases.

A plea in abatement is good if "(1) the plaintiff herein could obtain the same relief by counterclaim in said prior action, and (2) a judgment in favor of the plaintiff in said prior action (defendant herein) would operate as a bar to plaintiff's prosecution of this action." *Hill v. Spinning Co.*, 244 N.C. 554, 94 S.E. 2d 677.

In this case Demoret's cause of action against Lowery on his counterclaim was pending in the Superior Court of McDowell. His attempt

to reassert it as a cross action in Craven has the effect of making him a plaintiff in the cross action. *Norris v. Johnson,* 246 N.C. 179, 97 S.E. 2d 773. Lowery and Demoret are involved in a dispute as to whose negligence caused the damage to the other's vehicle. Lowery's prior action in McDowell fully presents this question. Mrs. Demoret is not interested (in a legal sense) in the damage to the vehicles. For a discussion as to what actions may be asserted by one defendant against another, see *Morgan v. Brooks,* 241 N.C. 527, 85 S.E. 2d 869; *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232; *Horton v. Perry,* 229 N.C. 319, 49 S.E. 2d 734.

The plea in abatement in the Craven County action should have been sustained under the authorities herein cited, and the court's order denying the plea must be

Reversed.