### W. S. BOYD SALES COMPANY, INC. v. MARVIN WILSON SEYMOUR.

(Filed 22 November, 1961.)

**Abatement and Revival § 3—**

> Where it appears that the action instituted by plaintiff in the Superior Court of one county is based upon the same cause of action as that of a prior action instituted in the Superior Court of another county of the State by the defendant in the second action against the plaintiff in the second action, the second action is properly dismissed upon plea in abatement, since the parties and the cause of action in both cases are the same. G.S. 1-127.

Appeal by plaintiff from *Mintz, J.,* at July Assigned Civil Term 1961, of Wake.

Civil action to recover for alleged breach of contract in respect to purchase by defendant Seymour from plaintiff Sales Company a certain Autocar Diesel Sleeper.

The record shows that the judgment from which this appeal is taken recites that "it appearing that this action was filed in the Superior Court of Wake County on May 4, 1961; that prior thereto an action entitled 'Marvin Wilson Seymour, plaintiff v. W. S. Boyd Sales Company, Incorporated, defendant' was on the first day of April, 1961, filed in the Superior Court of Currituck County; that the action filed in Currituck County is an action between the same parties for the same cause of action and in a court of like jurisdiction as the action filed in the court as above entitled; that this action is abated by the action which was prior brought and pending in Currituck County."

And thereupon it was ordered by the court that this action be and the same is hereby dismissed and stricken from the docket, — taxing the Boyd Sales Company with the costs.

The Sales Company excepts to the conclusions of the court and the judgment rendered, and appeals to the Supreme Court.

*Bailey & Dixon for plaintiff appellant.*
*J. W. Jennette for defendant appellee.*

WINBORNE, C.J.   It will be noted that the complaint in the action in the Currituck County case is set out in the record on this appeal. Comparing it with the complaint in the action brought in the Superior Court of Wake County, it is seen that the two actions pertain to the same subject matter, as found by Judge Mintz. The parties named in the action in Wake County and those named in Currituck County are identical, and constitute actions between the same parties for the same cause. Both are in courts of like jurisdiction. Hence, this action in Wake County, having been brought subsequent to the action in Currituck County, abates. G.S. 1-127. See also *McDowell v. Blythe Bros.*, 236 N.C. 396, 72 S.E. 2d 860.

Decisions of this Court uniformly hold that the pendency of a prior action between the same parties for the same cause of action in a State court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of the State having jurisdiction. Therefore, the action of the Superior Court of Wake County in dismissing this action is

Affirmed.