VIOLA P. PERRY v. R. G. OWENS, JR.

(Filed 2 May 1962.)

**1. Abatement and Revival § 4—**

Where the pendency of a prior action between the parties does not appear on the face of the complaint, the question of abatement is properly raised by answer. G.S. 1-133.

**2. Courts § 14—**

A court inferior to the Superior Court has only such jurisdiction as is given it by statute, and such jurisdiction cannot be enlarged by implication, and therefore the fact that such court has jurisdiction of an action does not give it jurisdiction of a counterclaim to such action when the amount demanded in the counterclaim is in excess of the jurisdictional amount of such court.

**3. Abatement and Revival § 3—**

Where a party institutes action in a county court limited as to jurisdictional amount, he may not assert the pendency of such action as ground for abatement of a subsequent action instituted in the Superior Court of another county, demanding a sum in excess of the jurisdictional amount of the county court, even though otherwise such action could be properly asserted as a counterclaim in the county court, since a plea in abatement must be based on the pendency of an action in a court of competent jurisdiction.

APPEAL by plaintiff from *Walker, Special Judge,* February 26, 1962 Civil Term of WAKE.

Plaintiff, a resident of Wake County, instituted this action May 25, 1961, against defendant, a resident of Gates County but temporarily residing in Chapel Hill, North Carolina, to recover $11,650.00 as damages for personal injuries and property damage proximately caused by a collision in Durham County, North Carolina, on Wednesday, February 1, 1961, about 7:30 p.m., when plaintiff's Chevrolet, operated by plaintiff, struck the rear of defendant's 1960 Plymouth in the middle of the lane for eastbound traffic on Highway #54.

Plaintiff alleges defendant had "placed his car" at the bottom of

a hill, near a creek; that, although it was dark and foggy, defendant had no lights on his car and gave no signal or warning that his car obstructed said lane of traffic; and that the negligence of defendant was the sole proximate cause of the collision and of plaintiff's damages.

Defendant's pleading, captioned "Answer and Plea in Abatement," contains four sections. (1) Answering the allegations of the complaint, defendant admits the collision occurred between plaintiff's car and defendant's car at the time and place alleged by plaintiff but denies all of plaintiff's allegations to the effect that said collision was caused by the negligence of defendant. (2) Under the heading, "Plea in Abatement," defendant alleges he is the plaintiff, and the present plaintiff is the defendant, in a civil action instituted by defendant April 17, 1961, and now pending, in the Durham County Civil Court, in which he is seeking to recover damages (in an amount less than $1,500.00) growing out of the collision referred to in the complaint herein; and that this action, being a subsequent action between the same parties and growing out of the same collision, should be abated. Defendant attached to his answer, as Exhibits A and B, a copy of his complaint and a copy of the summons in said prior action in the Durham County Civil Court. (3) Under the heading, "Counterclaim," defendant alleges that plaintiff's negligence, in particulars set forth, was the sole proximate cause of the collision and of damages sustained by defendant. (In his said counterclaim, defendant alleges the same items of damage set forth in his complaint in the prior action in the Durham County Civil Court.) (4) Under the heading, "Further Answer and Defense," defendant alleges, conditionally, the contributory negligence of plaintiff in bar of plaintiff's right to recover. Defendant prays (1) that this action be abated, (2) that plaintiff recover nothing of defendant, (3) that defendant recover from plaintiff on his said counterclaim, (4) that plaintiff be taxed with the costs, and (5) that he be awarded such other and further relief as may be just and proper.

Plaintiff, in writing, demurred to defendant's said plea in abatement. At the hearing on plaintiff's said demurrer, it was stated by counsel for plaintiff and counsel for defendant in open court that the facts are as stated in defendant's said plea in abatement. This stipulation appears in the case on appeal: ". . . during the argument above referred to counsel for defendant, appellee, offered to consent to a removal of the Durham County action to the Superior Court of either Durham or Wake Counties and for the plaintiff appellant to then file a counterclaim as defendant without objection on the part of defendant appellee herein. Said offer was not commented on by counsel for plaintiff appellant."

The court, being "of the opinion that the plea in abatement is well

taken," ordered, adjudged and decreed "that this action be and it hereby is dismissed and that the costs be taxed against the plaintiff." Plaintiff excepted and appealed.

*Everett, Everett & Everett for plaintiff appellant.*
*Smith, Leach, Anderson & Dorsett for defendant appellee.*

BOBBITT, J.   The complaint herein contains no reference to the prior action instituted by the present defendant against the present plaintiff in the Durham County Civil Court and now pending in said court. Hence, assuming said prior action "is another action pending between the same parties for the same cause," within the meaning of G.S. 1-127(3), defendant was required by G.S. 1-133 to assert his plea in abatement by answer. *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 399, 72 S.E. 2d 860, and cases cited; *Buchanan v. Smawley,* 246 N.C. 592, 99 S.E. 2d 787; *Wallace v. Johnson,* 251 N.C. 11, 17, 110 S.E. 2d 488; *Demoret v. Lowery,* 252 N.C. 187, 113 S.E. 2d 199.

"The pendency of a prior action between the same parties for the same cause *in a State court of competent jurisdiction* works an abatemen of a subsequent action either in the same court or in another court of the State *having like jurisdiction.*" (Our italics) *McDowell v. Blythe Brothers Co., supra,* and cases cited; *Pittman v. Pittman,* 248 N.C. 738, 104 S.E. 2d 880; *Sales Co. v. Seymour,* 255 N.C. 714, 122 S.E. 2d 605.

"Defendant's plea in abatement is good only if (1) *the plaintiffs herein could obtain the same relief by counterclaim in said prior action,* and (2) a judgment in favor of the plaintiff in said prior action (defendant herein) would operate as a bar to plaintiffs' prosecution of this action. *Cameron v. Cameron,* 235 N.C. 82, 86, 68 S.E. 2d 796, and cases cited." (Our italics) *Hill v. Spinning Co.,* 244 N.C. 554, 557, 94 S.E. 2d 677; *Demoret v. Lowery, supra.*

Clearly, defendant's plea in abatement would be allowed and the present action dismissed if the present defendant had instituted the prior action in the Superior Court of Durham County. *Allen v. Salley,* 179 N.C. 147, 101 S.E. 545; *Johnson v. Smith,* 215 N.C. 322, 1 S.E. 2d 834; *Boney v. Parker,* 227 N.C. 350, 42 S.E. 2d 222; *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892; *Brothers v. Bakeries,* 231 N.C. 428, 57 S.E. 2d 317; *Bullard v. Oil Co.,* 254 N.C. 756, 119 S.E. 2d 910. The defendant in such prior action would have a "complete remedy" by way of counterclaim therein. *Boney v. Parker, supra.*

The crucial question now presented arises from the fact that the present defendant, who was legally entitled to do so, instituted his prior action in the Durham County Civil Court, a court of limited jurisdiction.

PERRY *v.* OWENS.

The Durham County Civil Court was established under the statute now codified as G.S. Chapter 7, Article 35, and has jurisdiction concurrent with the superior court in tort actions wherein *the amount demanded* does not exceed $1,500.00, exclusive of interest and costs. G.S. 7-372(3). Appeals may be taken therefrom in the manner prescribed to the superior court "for errors assigned in matters of law or legal inference." G.S. 7-378. The statute (G.S. 7-351 through G.S. 7-383) contains no provision for the removal of the entire case to the Superior Court of Durham County upon the filing of a counterclaim wherein the amount demanded by the defendant exceeds $1,500.00, exclusive of interests and costs. *Finance Co. v. Simmons,* 247 N.C. 724, 102 S.E. 2d 119. In this connection, compare the statutory provisions relating to the Municipal-County Court of Guilford County. *Amusement Co. v. Tarkington,* 247 N.C. 444, 450, 101 S.E. 2d 398.

In *Finance Co. v. Simmons, supra,* this Court held, in passing upon "(t)he crucial question presented," that the filing of a counterclaim for an amount in excess of $1,500.00, exclusive of interest and costs, did not oust the jurisdiction of the Durham County Civil Court over the plaintiff's claim and entitle the defendant to a removal of the whole case to the superior court for trial. Here, the defendant in the prior action (plaintiff herein), so far as the present record discloses, has not asserted as a counterclaim therein the cause of action alleged in the present complaint or moved that the whole case be removed to the Superior Court of Durham County for trial. As to the action now pending in the Durham County Civil Court, the record discloses no facts as to proceedings therein, if any, subsequent to the summons and complaint. It appears, therefore, that the prior action is now pending in the Durham County Civil Court for determination of the claim asserted by the plaintiff (present defendant) therein.

The Durham County Civil Court has no jurisdiction except that conferred by the statute under which it was established. Moreover, "the powers of a court of limited jurisdiction cannot be enlarged by implication." *Greensboro v. Black,* 232 N.C. 154, 158, 59 S.E. 2d 621, and cases cited. Hence, the Durham County Civil Court, in which defendant's prior action was instituted and is now pending, has no jurisdiction to hear and determine the cause of action alleged in the complaint herein, whether asserted in an original action or by way of counterclaim.

"Jurisdiction is the power of a court to decide a case on its merits; it is the power of a court to inquire into the facts, to apply the law, and to enter and enforce judgment. Jurisdiction presupposes the existence of a duly constituted court with control over a subject matter which comes within the classification limits designated by the con-

stitutional authority or law under which the court is established and functions." *Jones v. Brinson,* 238 N.C. 506, 509, 78 S.E. 2d 334, and cases cited; *High v. Pearce,* 220 N.C. 266, 271, 17 S.E. 2d 108, and cases cited.

To invoke the rule adopted by this Court in *Allen v. Salley, supra,* and similar cases, it must appear that the court in which the prior action is pending has jurisdiction to hear and determine the counterclaim and to enter and enforce a judgment thereon. In respect of the cause of action alleged in the complaint herein, a "complete remedy" by way of counterclaim in the prior action is not available to plaintiff because the Durham County Civil Court does not have jurisdiction to hear and determine such counterclaim and to enter and enforce judgment thereon. Hence, the court erred in sustaining defendant's plea in abatement and in dismissing the action.

Questions as to whether the determination of the issues raised by the pleadings in the action first tried, whether the prior or the present action, will constitute *res judicata,* and if so to what extent, in the subsequent trial of the other action, are not presently before us and must await a factual situation on which a decision may be based.

The legal problem here considered is analogous to that posed when, in an automobile collision case, the plaintiff's action for $50.00 or less is instituted before a Justice of the Peace, whose jurisdiction is concurrent with that of the superior court, and the defendant has a cause of action against the plaintiff arising out of the same collision for an amount in excess of $50.00. See "Pleading and Procedure—Counterclaims Exceeding the Jurisdictional Limit of the Court—Remedies," by Daniel L. Bell, Jr., 32 N.C.L.R. 231 *et seq.,* where the writer suggests the desirability of a statutory provision to the effect that, upon the filing of such counterclaim, the entire case be removed to the superior court for trial of the action and counterclaim. Whether such a statute, sufficient to eliminate the legal problem there and here presented, should be enacted, merits the attention and consideration of the General Assembly.

Reversed.