ERNEST MOSES LAYELL v. PATRICIA HUSTON BAKER

No. 7923SC778

(Filed 1 April 1980)

**Rules of Civil Procedure § 41.1— counterclaim arising from same transaction—
voluntary dismissal not permitted—no consent to dismissal by defendant**

Where defendant asserted a counterclaim against plaintiff arising from
the same transaction, an automobile collision, alleged in plaintiff's complaint,
defendant's claim for affirmative relief effectively deprived plaintiff of his
right to dismiss his own claim; defendant's failure, prior to the court's
discharging the jury, to bring to the court's attention the pendency of her
counterclaim did not amount to an implied consent to the dismissal; and de-
fendant's written "consent" to the voluntary dismissal of plaintiff's claim,
which was expressly given "without prejudice to defendant's prosecution of
her claim," at most removed the barrier which defendant's counterclaim other-
wise presented to plaintiff's right under G.S. 1A-1, Rule 41(a)(1) to dismiss his
own claim, but did not effect a dismissal of defendant's counterclaim, nor did it
permit plaintiff simply to walk away from the litigation which he had himself
begun.

APPEAL by defendant from *Rousseau, Judge.* Orders entered
9 May 1979 in Superior Court, YADKIN County. Heard in the
Court of Appeals 4 March 1979.

On 28 October 1976 a truck driven by plaintiff collided with
an automobile driven by defendant at a street intersection in
Winston-Salem. Each party contends that the other drove through
a red traffic light.

1

Layell v. Baker

On 7 February 1977 plaintiff brought Civil Action No. 77CVS27 against the defendant in the Superior Court in Yadkin County to recover damages for personal injuries and loss of earnings suffered by him as a result of the collision, alleging in his complaint that the collision and his resulting damages were proximately caused by defendant's negligence. Defendant filed answer in which she denied that she was negligent, alleged that plaintiff was negligent, and counterclaimed for damages to her automobile. Plaintiff filed a reply to the counterclaim.

During the course of pretrial discovery proceedings, counsel for plaintiff stated that plaintiff would not seek to recover for lost time or wages for the year 1977, and on the basis of this statement the court denied defendant's motion that she be furnished a copy of plaintiff's federal income tax return for 1977. At trial before Judge Rousseau and a jury on 28 February 1979, plaintiff sought to introduce evidence concerning wages lost by him in 1977. The court sustained defendant's objection, whereupon plaintiff's counsel announced:

All right, plaintiff takes a voluntary dismissal pursuant to Rule 41 of the North Carolina Rules of Civil Procedure.

The court thereupon dismissed the jury. When defendant's counsel brought to the court's attention that defendant had pled a counterclaim, the court dictated the following order into the minutes:

All right, let the record show that when Mr. Smith (plaintiff's attorney) took a voluntary dismissal, the Court overlooked the fact that the defendant had a counterclaim; and no mention was made to the Court until the Court had let the jury go, this being the last case for the term. The Court, therefore, withdraws a juror and declares a mistrial as to the counterclaim and sets the case for the term of court May the 14th.

On 1 March 1979 defendant's counsel filed the following consent to the voluntary dismissal of plaintiff's claim:

The defendant, through counsel, consents to the voluntary dismissal of plaintiff's claim taken in open court on

February 28, 1979. Such consent is without prejudice to defendant's prosecution of her claim or to any other rights of defendant herein.

This the 28th day of February, 1979.

W. K. Davis
Attorney for Defendant.

On 2 March 1979 plaintiff's counsel filed the following document in Case No. 77CVS27:

Now comes the Plaintiff pursuant to Rule 41 of the North Carolina Rules of Civil Procedure and takes a voluntary dismissal of his action without prejudice.

This the 1 day of March, 1979.

Franklin Smith
Attorney for Plaintiff

On the same date this document was filed, 2 March 1979, plaintiff commenced Civil Action No. 79CVS97 against defendant in the Superior Court in Yadkin County by filing a complaint in all material respects identical to the complaint he had previously filed in Civil Action 77CVS27.

On 5 March 1979 plaintiff filed a motion in Civil Action No. 77CVS27 to set aside the order declaring a mistrial upon defendant's counterclaim and to dismiss the counterclaim in that action. As grounds for this motion plaintiff contended that his voluntary dismissal in Case No. 77CVS27, in the absence of a timely objection by the defendant, had the effect of terminating the entire action, including the counterclaim. On 3 April 1979 defendant filed motion in Case No. 79CVS97 to dismiss that action on the ground, among others, that Case No. 77CVS27 was a prior pending action between the same parties involving the same claims. Plaintiff's motion in Case No. 77CVS27 to set aside the order declaring a mistrial of defendant's counterclaim and to dismiss the counterclaim in that action and defendant's motion in Case No. 79CVS97 to dismiss that action because of a prior action pending were consolidated for hearing. On 9 May 1979 the court entered orders allowing plaintiff's motion to dismiss defendant's counterclaim in Case No. 77CVS27 and denying defendant's motion to dismiss plaintiff's action in Case No. 79CVS97.

From these orders, defendant appeals, the two cases being consolidated for purposes of hearing the appeals.

*Franklin Smith and Womble, Carlyle, Sandridge & Rice by James M. Stanley, Jr. for plaintiff appellee.*

*Hutchins, Tyndall, Bell, Davis & Pitt by William K. Davis for defendant appellant.*

PARKER, Judge.

The parties agree that the validity of the court's order denying defendant's motion in abatement in Case No. 79CVS97 is dependent upon the validity of the court's ruling dismissing defendant's counterclaim in Case No. 77CVS27. If the court was correct in dismissing defendant's counterclaim in the earlier case, then there was no prior action pending and defendant's plea in abatement in the later case fails. On the other hand, if the court was in error in dismissing defendant's counterclaim in the earlier case, then there was a prior action pending between the same parties involving the same cause of action and defendant's plea in abatement in the later action should have been sustained. Decisions of our Supreme Court have uniformly held that "the pendency of a prior action between the same parties for the same cause of action in a State court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of the State having jurisdiction." *Sales Co. v. Seymour*, 255 N.C. 714, 715, 122 S.E. 2d 605, 606 (1961); *accord, Conner Co. v. Quenby Corp.*, 272 N.C. 214, 158 S.E. 2d 22 (1967). Thus, the question presented by this appeal is whether the court was correct in its ruling dismissing defendant's counterclaim in Case No. 77CVS27. We hold that the court was in error, and accordingly reverse.

G.S. 1A-1, Rule 41 provides in part:

(1) *Voluntary dismissal; effect thereof.* —

(1) By plaintiff; by Stipulation. — Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case . . . .

Prior to the adoption of Rule 41, effective 1 January 1970, it was settled practice that the plaintiff might take a voluntary nonsuit as a matter of right at any time before the verdict. However, as the former practice was explained by McIntosh in North Carolina Practice and Procedure, § 1645, pp. 124-125 (1956):

> While the plaintiff may generally elect to enter a nonsuit, "to pay the costs and walk out of court," in any case in which only his cause of action is to be determined, although it might be an advantage to the defendant to have the action proceed and have the controversy finally settled, he is not allowed to do so when the defendant has set up some ground for affirmative relief or some right or advantage of the defendant has supervened, which he has the right to have settled and concluded in the action. *If the defendant sets up a counterclaim arising out of the same transaction alleged in the plaintiff's complaint, the plaintiff cannot take a nonsuit without the consent of the defendant; but if it is an independent counterclaim, the plaintiff may elect to be nonsuited and allow the defendant to proceed with his claim.* (emphasis added.)

Thus, under prior law, where defendant interposed a claim for affirmative relief, the plaintiff's right to a voluntary nonsuit was thereby affected, and the precise effect upon that right depended upon whether the defendant's claim arose out of the same transaction alleged in the plaintiff's complaint or was distinct from that alleged. *Bynum v. Powe*, 97 N.C. 374, 2 S.E. 170 (1887); *Whedbee v. Leggett*, 92 N.C. 469 (1885). If the defendant's claim for relief arose out of the same transaction, then the plaintiff's right to take a voluntary nonsuit was completely denied, whereas if the claim for relief was independent of the plaintiff's claim, the plaintiff could submit to a voluntary nonsuit as to his claim, but the defendant was entitled, if he desired, to keep the action before the court until his own claim was litigated. *Yellowday v. Perkinson*, 167 N.C. 144, 83 S.E. 341 (1914); *Whedbee v. Leggett, supra.* In *McCarley v. McCarley*, 289 N.C. 109, 221 S.E. 2d 490 (1976), our Supreme Court held that the adoption of G.S. 1A-1, Rule 41(a)(1) altered prior practice only to the extent that the plaintiff desiring to take a voluntary dismissal must now act before he rests his case rather than before the trial court renders the verdict, but that in other respects, prior practice continues in effect.

In the present case it is unquestioned that defendant's claim for affirmative relief arose out of the same transaction, the automobile collision, alleged in plaintiff's complaint. Applying the rules of practice still in effect in this State as modified by Rule 41, we conclude that defendant's assertion of that counterclaim, nothing else appearing, could effectively deprive plaintiff not only of his ability to escape defendant's claim against him, but also of his right under Rule 41 to dismiss his own claim. The rule precluding voluntary dismissal in a case such as is here presented is premised on the theory that the "plaintiff cannot justly complain if he is detained in court until the whole merits of his cause of action are tried and the rights of the defendant growing out of the same are settled, *if the latter shall so desire.*" *Yellowday v. Perkinson, supra* at 183, 83 S.E. at 342 (emphasis added). We reject plaintiff's contention that defendant's failure, prior to the court's discharging the jury, to bring to the court's attention the pendency of her counterclaim amounted to an implied consent to the dismissal. The question remains, however, whether defendant's written "consent" to the voluntary dismissal of plaintiff's claim, which was expressly made "without prejudice to defendant's prosecution of her claim" restored to plaintiff his right to dismiss his own claim under Rule 41(a)(1) or deprived defendant of her right to pursue her counterclaim.

In *McCarley v. McCarley, supra* at 113, 221 S.E. 2d at 493, our Supreme Court recognized that the defendant might consent to the withdrawal of plaintiff's allegations. The Court did not hold, as contended in plaintiff's brief, that "a defendant who has asserted a compulsory counterclaim cannot permit plaintiff to dismiss the complaint and proceed with his counterclaim," and that only when there is a permissive counterclaim can defendant "elect to proceed with his counterclaim" after consenting to plaintiff's dismissal. Although Rule 41(a) contemplates that civil litigation may be terminated as to all parties, both plaintiff and defendant, and as to all claims and counterclaims, upon the consent of all the parties, no such broad consent has been shown in the present case. Defendant's written "consent" to the voluntary dismissal of plaintiff's claim was expressly given "without prejudice to defendant's prosecution of her claim." Thus, at most, that consent removed the barrier which defendant's counterclaim otherwise presented to plaintiff's right under Rule 41(a)(1) to

dismiss *his own claim*. It did not effect a dismissal of defendant's counterclaim nor did it permit plaintiff simply to walk away from the litigation which he had himself begun. The court's initial ruling, when it found that it had by inadvertence discharged the jury, of declaring a mistrial of the counterclaim and setting the case for trial on the counterclaim at the next session of court, was correct. The court erred when it later reversed that ruling and dismissed the counterclaim.

Upon remand, defendant's answer alleging her claim in Case No. 77CVS27 will in effect become a complaint. Although plaintiff chose to dismiss his own claim for relief in the ealier proceedings on the assumption that the entire litigation would be ended, he should, if he so elects, be permitted to amend his pleadings in the action so as to assert his claim as a compulsory counterclaim to the claim of the defendant.

The result is that the orders appealed from both in Case No. 77CVS27 and in Case No. 79CVS97 are reversed. Defendant's motion in abatement in Case No. 79CVS97 should be allowed and judgment entered in that case dismissing it because of the prior action pending. The order dismissing Case No. 77CVS27 is vacated, and that case is remanded for trial upon the claim asserted in defendant's counterclaim and upon such response thereto as plaintiff may allege.

Reversed and remanded.

Judges MARTIN (Harry C.) and HILL concur.